747 P.2d 85

**STATE of Idaho, Plaintiff–Respondent.**

v.

**Gene ALLEN, Defendant–Appellant.**

**No. 16546.**

Court of Appeals of Idaho.

Dec. 14, 1987.

John Michael Adams, Public Defender, Boise, for defendant-appellant.

Jim Jones, Atty. Gen. by David R. Minert, Deputy Atty. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

Gene Allen stands convicted by an Ada County jury of aggravated battery. On appeal he contends that the prosecution should not have been allowed to present evidence of a prior, unrelated felony conviction; that the trial court erred in rejecting certain jury instructions on self-defense; and that the evidence was insufficient to support the jury's verdict. For reasons explained below, we find the first issue to be dispositive. We vacate the judgment and remand the case.

The background facts may be summarized briefly. Allen and another man became involved in a dispute over a parking space near a grocery store in Boise. The argument escalated into an altercation. Allen cut the other man with a pocket knife, inflicting a wound that required several stitches to close. Although Allen claimed that the other man had been the aggressor, he was prosecuted for aggravated battery.

Before trial Allen's counsel presented a motion in limine, seeking to exclude any evidence that Allen had a prior felony conviction for a sex offense in Oregon. The offense was described as a "second degree" rape. The Oregon statute was not cited, but defense counsel represented— and the prosecutor did not dispute—that the offense was similar to incest. The prosecutor resisted the motion, arguing that the conviction was relevant to Allen's credibility as a potential witness. The trial judge ruled that the nature of the prior offense would be inadmissible but that the fact of conviction would be allowed into evidence. Faced with the judge's ruling, defense counsel made a tactical decision to elicit the fact of conviction from Allen himself during direct examination.

The issue now before us is a narrow one. The state does not assert that Allen waived his objection to the evidence by choosing to acknowledge it directly rather than waiting for the prosecutor to impeach him. As we noted in *Johnson v. Emerson*, 103 Idaho 350, 647 P.2d 806 (Ct.App.1982), voluntary disclosure of adverse information, after a motion in limine has been denied, does not remove the question whether the motion

should have been granted at the outset. Neither does the state in this case argue that the judge's ruling was harmless. The trial was, in essence, a credibility contest between Allen and the alleged victim. The jury had the options of finding Allen guilty as charged, guilty of a lesser included offense, or not guilty by reason of self-defense. Upon the record presented, we could not say with confidence that the jury's verdict was unaffected by information that Allen was a convicted felon.

■ Thus, the issue focuses on the correctness of the judge's ruling. Allen attacks it on two grounds. First, he contends that the fact of conviction was not relevant to his credibility. Second, he urges that even if the evidence was relevant, its probative value was outweighed by the impact of unfair prejudice. *See* I.R.E. 609(a).

The threshold consideration is relevancy. This question is a thorny one. As we noted in *State v. Pierce*, 107 Idaho 96, 103, 685 P.2d 837, 844 (Ct.App.1984), "[the] varied relationships between felony convictions and witness credibility have produced much disagreement among courts and commentators about the particular crimes suitable for impeachment." In *State v. Ybarra*, 102 Idaho 573, 634 P.2d 435 (1981), our Supreme Court acknowledged that

> different felonies have different degrees of probative value on the issue of credibility. Some, such as perjury, are intimately connected with that issue; others, such as robbery and burglary, are somewhat less relevant; and ... [a]cts of violence ... generally have little or no direct bearing on honesty and veracity.

*Id.* at 580–81, 634 P.2d at 442–43 (quoting from *People v. Rollo*, 569 P.2d 771, 775 (1977)).

As we understand *Ybarra*, it identifies three categories of felonies. First, crimes such as perjury have a self-evident bearing on credibility because they deal directly with honesty or veracity. Second, crimes such as burglary or robbery have a less evident bearing on credibility because they do not deal directly with veracity and have only a general relationship with honesty.

Nevertheless, such crimes might be relevant if they show a pattern of disrespect for law and lawful authority, creating reason to doubt that the defendant would take his oath as a witness seriously. *State v. Pierce, supra.* The third category was described in *Ybarra* as "acts of violence." Because such acts are products of emotional impulse, they usually have little or no bearing on honesty or veracity. In our view, this category would include crimes of passion committed against the person of another human being, even though the contact might not be characterized as "violent."

Allen's prior felony, described as being similar to incest, appears to fall within the third category. It is a crime of passion. Although condemned and punished by the law, such conduct does not bear directly upon honesty or veracity. Neither does this single crime establish a pattern of disrespect for law and lawful authority. It had little or no relevance to Allen's credibility in the present case.

Conversely, although the nature of the offense was not disclosed, the potential for unfair prejudice was manifest and substantial. The fact of conviction portrayed Allen as a felon in the courtroom. We recognize, of course, that a trial judge is vested with discretion in determining the relevancy of evidence, and in weighing its probative value against unfair prejudice. However, we conclude in this case that such discretion was abused and that Allen's motion in limine should have been granted.

■ Because the judgment of conviction must be set aside, we will not address in detail Allen's challenge to the sufficiency of the evidence. We need only say that the state's evidence, together with reasonable inferences, was adequate to justify sending the case to a jury. The district judge did not err in denying a motion for judgment of acquittal filed by Allen after the verdict had been returned.

■ On remand, Allen's argument concerning the self-defense instructions may arise again. For the purpose of guidance, we will comment on the issue. In Idaho,

the trial judge is required to charge the jury with "all matters of law necessary for their information." I.C. § 19–2132(a). Here, Allen asserted that he inflicted the knife wound while acting in self-defense. This claim was supported largely by his own testimony. Consequently, Allen was entitled to instructions on the law of self-defense. *See, e.g., State v. Pennell,* 108 Idaho 669, 701 P.2d 289 (Ct.App.1985) (defendant is entitled to instructions on his theory of the case where he presents some evidence in support of this theory).

The district judge did, in fact, so instruct the jury. However, he declined to use three instructions proffered by Allen for this purpose. Those instructions need not be detailed here. We find that the judge's instructions adequately informed the jury that a person may be absolved of criminal responsibility if he acts under the *reasonable* belief that he is in imminent or apparently imminent danger. *See State v. Baker,* 103 Idaho 43, 644 P.2d 365 (Ct.App. 1982) (discussing the law of self-defense). To the extent that Allen's requested instructions embodied this principle, they were covered by the court's instructions. The judge was not required to instruct the jury further. *See State v. Griffiths,* 101 Idaho 163, 610 P.2d 522 (1980) (trial court may decline proposed instructions on matters adequately covered). Moreover, insofar as the proposed instructions attempted to soften the standard of reasonableness by suggesting that jurors could apply a subjective test to the perception of imminent danger, the instructions were contrary to Idaho law. *State v. Baker, supra.* We conclude that no error has been shown in the instructions given by the court.

The judgment of conviction is vacated. The case is remanded for proceedings consistent with this opinion.