968 P.2d 225

**STATE of Idaho, Plaintiff–Respondent,**

v.

**William L. MURACO, Defendant–Appellant.**

**No. 24462.**

Supreme Court of Idaho,
Boise, September 1998 Term.

Oct. 26, 1998.

G. LaMarr Kofoed, Fruitland, for appellant.

Alan G. Lance, Attorney General; L. LaMont Anderson, Deputy Attorney General, Boise, for respondent. L. LaMont Anderson argued.

JOHNSON, Justice.

This is a criminal case. The primary issue is the admission of evidence concerning a prior felony conviction based on Idaho Rule of Evidence (I.R.E.) 609. We affirm the admission relying on *State v. Bush,* 131 Idaho 22, 951 P.2d 1249 (1997). We also affirm the trial court's failure to give an instruction requested by the defendant and the sentence imposed by the trial court.

## I.

## THE BACKGROUND AND PRIOR PROCEEDINGS

William L. Muraco (Muraco) was charged with lewd conduct with a minor child under sixteen in violation of section 18–1508 of the Idaho Code (I.C.). Prior to trial, Muraco requested that the trial court suppress evidence of his 1988 Nevada felony conviction for lewdness with a minor. The State contended that the evidence was admissible to impeach Muraco under I.R.E. 609 and to show intent, motive, and absence of mistake or accident under I.R.E. 404(b). In a pretrial ruling, the trial court declined to suppress evidence of the prior conviction. Immediately prior to Muraco's testimony, the trial court held a hearing regarding Muraco's prior conviction and ruled that based on both I.R.E. 609 and I.R.E. 404(b), if Muraco testified, the State would be allowed to ask him about his prior felony conviction and the nature of it. The trial court also indicated that it would give a cautionary instruction to the jury about the purpose of the evidence. Immediately before evidence of the prior conviction was elicited from Muraco at trial, the trial court instructed the jury:

> You are about to hear evidence that is offered to you for the purposes [sic] that may show that the defendant may have engaged in other crimes, conduct or activities other than that for which he is on trial. Such evidence if believed is not to be considered by you to prove that the defendant is a person of bad character or that he has a disposition to commit crimes. Such evidence may be received and may be considered by you for the limited purposes of determining if it tends to show the credibility of this witness, intent, knowledge, identity or absence of mistake or accident. For the limited purpose for which you may consider such evidence you must weigh it in the same manner as you do all other evidence in the case and you are not permitted to consider such evidence for any other purpose.

The trial court gave the jury a similar instruction at the conclusion of the trial.

Muraco requested a jury instruction regarding confabulation. The trial court denied Muraco's request, stating that the proposed instruction constituted an argument, not a statement of law.

The jury returned a guilty verdict, and the trial court entered a conviction and sentenced Muraco to a unified life sentence with ten years fixed. Muraco filed a Rule 35 motion to reduce his sentence, which the trial court summarily denied. Muraco appealed. This Court assigned the appeal to the Court of Appeals, which vacated the conviction and ordered a new trial. The State petitioned for review, and this Court granted review after its decision in *Bush* became final.

## II.

## THE TRIAL COURT CORRECTLY ADMITTED THE PRIOR CONVICTION EVIDENCE BASED ON I.R.E. 609.

Muraco asserts that the trial court should not have admitted evidence concerning his

prior felony conviction based on I.R.E. 609. We disagree.

We first note that Muraco did not challenge the admission of this evidence based on I.R.E. 404(b). Therefore, we do not address that basis for the admission. If it were not for the fact that the instructions the trial court gave the jury before the evidence of prior conviction was elicited and at the conclusion of the trial referred to the use of the evidence for determining Muraco's credibility, Muraco's failure to challenge the admission based on I.R.E. 404(b) would lead us to uphold the admission without further analysis. Because the jury may have considered the evidence in assessing Muraco's credibility, however, we do address the admission based on I.R.E. 609.

In *Bush*, the Court reaffirmed the following test to determine whether a prior felony conviction is admissible: "(1) whether the evidence is relevant to the credibility of the witness; and (2) whether the probative value of the evidence outweighs the unfair prejudicial effect to the party offering the witness." 131 Idaho at 30, 951 P.2d at 1257. We review the trial court's determination of relevancy of a prior conviction under a *de novo* standard. *Id.*

In *State v. Ybarra*, 102 Idaho 573, 634 P.2d 435 (1981), the Court delineated the following three categories of felonies to determine whether a prior conviction may be used to impeach credibility: "Some, such as perjury, are intimately connected with that issue; others, such as robbery and burglary, are somewhat less relevant; and [a]cts of violence ... generally have little or no direct bearing on honesty and veracity." *Id.* at 580–81, 634 P.2d at 442–43 (internal quotation marks omitted).

In *Bush*, the Court upheld the admission of evidence that the defendant had been convicted in Wyoming of "indecent liberties with a child." In doing so, the Court stated that "[t]he determination whether evidence of a particular felony conviction is relevant to credibility depends on the particular facts and circumstances of each case and must therefore be decided on a case-by-case basis." 131 Idaho at 31, 951 P.2d at 1258. In concluding that the evidence of Bush's prior conviction was relevant to credibility, the Court concluded:

A sex crime against a minor does not specifically relate to honesty or veracity as does the crime of perjury, and therefore, does not fall within the first category described in *Ybarra*. Further, the sex crime involved here is not defined in Wyoming law as a violent felony, and therefore does not fall within the third category described in *Ybarra*. Thus, we conclude that under the specific facts of this case, the Wyoming crime falls within the middle category described in *Ybarra, i.e.*, a crime which, while not directly showing a propensity to falsify, does disclose a disregard for the rights of others which one might reasonably expect to express itself in giving false testimony if such would be advantageous to the witness. Since Bush had no compunction against engaging in immoral acts with a minor, there is no reason to believe that he would hesitate to gain an advantage for himself in this case by giving false testimony. Committing an immoral act with a minor is the type of "marked break from sanctioned conduct that [ ... ] affords a reasonable basis" for predicting credibility. *Ybarra*, 102 Idaho at 581, 634 P.2d at 443.

131 Idaho at 31, 951 P.2d at 1258.

■ Both the Wyoming statute considered by the Court in *Bush* and the Nevada statute in this case criminalize similar nonviolent conduct. The Wyoming statute imposes a felony on "any person knowingly taking immodest, immoral or indecent liberties with any child." WYO. STAT. ANN. § 14–3–105. In *Bush*, the Court noted that this is not a violent crime in Wyoming. 131 Idaho at 30, 951 P.2d at 1257. The Nevada statute under which Muraco was convicted states:

Any person who willfully and lewdly commits any lewd or lascivious act, other than acts constituting the crime of sexual assault, upon or with the body, or any part or member thereof, of a child under the age of 14 years, with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of that person or of that child....

NEV. REV. STAT. § 201.230 (1987). The Nevada Supreme Court has distinguished this offense from sexual assault. *See Townsend v. State,* 103 Nev. 113, 734 P.2d 705 (Nev.1987). Therefore, we conclude that it is not a violent crime in Nevada. We find no distinctions between these two crimes that would cause us to treat the Nevada offense differently from the Wyoming offense for purposes of attacking the defendant's credibility.

■ We note that in both *Bush* and the present case we focused on the characterization of the prior felony conviction by the jurisdiction in which it occurred. By these decisions we have not intended to address the characterization of a felony conviction for a similar crime in Idaho.

■ Muraco suggests that *Bush* requires both the trial court and this Court to look at the facts of the prior offense to determine its relevance. This is a misreading of *Bush.* When the Court said in *Bush* that relevancy "depends on the particular facts and circumstances of each case," we did not intend to require a record to be made of the circumstances supporting conviction of the prior offense. We referred, instead, to a case-by-case examination of the statute under which the conviction occurred and our determination of which of the categories delineated in *Ybarra* it falls in. This was the analysis in *Bush,* and this is the analysis in the present case. We conclude that the evidence of a prior offense was relevant to the determination of Muraco's credibility.

■ As the Court said in *Bush,* we review the trial court's determination that the probative value of the evidence of a prior felony conviction outweighs its prejudicial effect under an abuse of discretion standard. 131 Idaho at 31, 951 P.2d at 1258. We conclude that in allowing the evidence in the present case, the trial court did not abuse its discretion because it demonstrated that it perceived the issue as one of discretion, acted within the outer boundaries of that discretion and consistently with the legal standards applicable to the choices it had to make, and reached its decision by an exercise of reason. *Id.*

## III.

## THERE IS NO MERIT TO MURACO'S OTHER ISSUES.

Muraco asserts that the trial court should have given the confabulation instruction, that his sentence was cruel and unusual, that his sentence was excessive and that the trial court should not have denied his motion brought pursuant to Rule 35 of the Idaho Criminal Rules. We have examined each of these issues and find no merit in any of them.

## IV.

## CONCLUSION

We affirm Muraco's conviction and sentence.

TROUT, C.J., SILAK and SCHROEDER, JJ., and R.B. WOOD, J. Pro Tem., concur.