**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 42572**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2016 Opinion No. 15 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: February 25, 2016 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| CONNER BLAINE HOY, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Steven J. Hippler, District Judge.

Judgment of conviction for robbery and aggravated assault with a deadly weapon, affirmed.

Sara B. Thomas, State Appellate Public Defender; Kimberly E. Smith, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Ted S. Tollefson, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Chief Judge

Connor Blaine Hoy appeals from his judgment of conviction for robbery and aggravated assault with a deadly weapon. Specifically, Hoy alleges that the district court abused its discretion in allowing the state to cross-examine Hoy about a prior felony conviction for leaving the scene of an accident and his probation for that offense. For the reasons set forth below, we affirm.

Hoy drove to a supermarket, parked his car, and went inside. The victim in this case claimed Hoy ran a red light prior to turning into the parking lot, nearly causing an accident with a vehicle in which there were children. While shopping in the store, the victim saw Hoy and confronted him, asking, "Are you crazy or something? Are you trying to kill yourself or someone else?" Hoy yelled at the victim and said that he and the victim should go outside to

1

fight. Hoy left the store and, when the victim left about twenty minutes later, Hoy approached him and attempted to provoke a fight with the victim. The victim said Hoy then took a knife from his pocket and held it with the blade open. The victim got into his truck and drove away. The victim said he drove home and was parked in front of his house when Hoy approached the victim and opened his truck's door. The victim said that Hoy took the victim's hat and mail from the truck and asked him to fight again. The victim went inside his house and waited until Hoy was gone. The victim said that, when he went outside, his hat and mail were gone and one of the tires of his truck was flat from what appeared to be a "slash" in the sidewall of the tire. The victim reported the incident to police.

Hoy was charged with robbery (I.C. § 18-6501) and aggravated assault with a deadly weapon (I.C. §§ 18-901(b), 18-905(a), and 19-2520).[1] At trial before a jury, Hoy elected to testify on his own behalf. Prior to his testimony, Hoy anticipated that the state would seek to impeach Hoy's testimony with a prior felony conviction for leaving the scene of an accident. Hoy argued (by way of what was, essentially, a motion in limine) that the prior conviction was not relevant and that the evidentiary value was substantially outweighed by unfair prejudice. The district court ruled:

> [O]bviously, the ruling that I make now is contingent upon the testimony that comes in in terms of opening any doors, for example, but I would tend to agree with the defense that the fact that he's on probation and that that could create some motivation for him to generally not admit to criminal acts because it could also result in a probation violation, that in and of itself I think the prejudice of that substantially outweighs the probative value.
>         . . . .

---

[1] Hoy was also charged with malicious injury to property and petit theft, which are not at issue on appeal.

2

. . . I'm going to find that [I.R.E. 403[2]] will trump. And this is really sort of a disguised [I.R.E. 609[3]] motion in some respects, and likewise under that rule it wouldn't be admissible. Again, certainly [Hoy] can open the door, depending upon how he testifies, to some of these issues.

Hoy testified, making two statements that the district court held opened the door to cross-examination about his prior conviction and resulting probation. Hoy told an officer that he did not tell the victim that he would "meet him outside" of the store. However, on direct examination, Hoy testified that he did tell the victim he would "meet him outside" and that Hoy was attempting to provoke a fight with the victim. On direct examination, Hoy attempted to explain the discrepancy between his testimony and his statement to the officer. The following exchange took place between Hoy and his attorney:

Q. Do you recall telling him that you were going to meet him outside?
A. I do.
Q. Now, we heard the tape with [the officer]. Did you hear that tape as well?
A. Yes, ma'am.
Q. And [the officer] asked you if you said I'm going to meet you outside?
A. Yes, ma'am.

---

[2] Idaho Rule of Evidence 403 provides:

Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

[3] Idaho Rule of Evidence 609(a) provides:

For the purposes of attacking a witness's character for truthfulness, evidence of the fact that the witness has been convicted of a felony and the nature of the felony shall be admitted if elicited from the witness or established by public record, but only if the court determines in a hearing outside the presence of the jury that the fact of the prior conviction or the nature of the prior conviction, or both, are relevant to the witness's character for truthfulness and that the probative value of admitting this evidence outweighs its prejudicial effect to the party offering the witness. If the evidence of the fact of a prior felony conviction, but not the nature of the conviction, is admitted for the purpose of impeachment of a party to the action or proceeding, the party shall have the option to present evidence of the nature of the conviction, but evidence of the circumstances of the conviction shall not be admissible.

Q. And you told him you--either you did not say that or you don't remember saying that, and I'm going to ask the jury to go with their own recollection, but why did you deny saying that to [the officer]?

A. I didn't remember it.

Q. And, again, since that interview, have you been able to review police reports?

A. Absolutely. I can almost recite them to you. This is the definitely the biggest incident in my life. Yes, I've been very focused on this.

Q. So has reviewing those reports helped kind of fill in the gaps of some of your memory?

A. Yes, ma'am.

In addition, when questioned by the officer, Hoy told the officer that it was a "delicate situation" and that "the argument with that kid" was going to "ruin" his life. On direct examination, Hoy explained what he meant by that statement, testifying:

Q. When you first met with [the officer], you said--when he asked you about what happened at [the store], you said that this is a delicate situation. What did you mean by that?

A. I mean I knew there was laws broken.

Q. And when you say laws broken, do you mean that you feel like you broke the law?

A. I definitely knew I broke the law, you can't fight people, that's illegal.

Q. When you said, "I knew that argument with that kid was going to ruin my life," what did you mean by that?

A. Having already gone the short distance I have into college, I know you don't have violence on your record and go into a lab. You can't. They're not going to put a guy that when things go wrong he wants to fight in a lab arguing about genetics or any kind of science at all. That would waste all of my money, all of the time I've done and take a--I don't want--it's the coolest job I've ever had being an equipment operator, I don't really want to do that all my life. I like to think.

Based upon Hoy's testimony, the state sought permission to question Hoy about his felony conviction for leaving the scene of an accident and about his probation for that crime. The state argued that Hoy opened the door to talk about his prior felony conviction because he said, "this is the definitely the biggest incident in my life." The state explained that it thought it would be fair to cross-examine Hoy by asking, "Really? The other one wasn't?" In addition, the state argued that Hoy had opened the door to a discussion that he was on probation. When asked what he meant when he told the officer "I knew that argument with that kid was going to ruin my

4

life," Hoy testified that his future career would be affected by having a violent crime on his record. The state argued that his response opened the door to allow the state to inquire whether Hoy actually meant that his life would be ruined because he was facing revocation of his probation, which would result in incarceration.

After considering argument from the state and defense, the district court held:

> These are always difficult calls because there clearly still remains the prejudice from his leaving-the-scene felony and probation in terms of the concern of the prejudice from those in terms of the potential for the jury using that solely as their basis to convict.
>
> I am concerned--it struck me immediately when [Hoy] testified, before [the prosecutor] brought these issues up when he was talking about the biggest incident in my life, my sort of nonverbal reaction to myself was "uh-oh." The problem with it is it was brought up in a way to bolster his credibility and testimony today.
>
> The second issue that sort of caused me to go "uh-oh" was when [Hoy] explained the consequences to him of why this was such--I can't remember exactly--such a big event in the sense of they don't hire people who have been violent in their labs and that is why he was concerned or the fight broke up, or whatever it was. I can't remember exactly how it came up, that's what I was looking for.
>
> But I recall being struck by that because we had even talked about here the fact that he certainly has the motivation in this case to potentially not tell the truth because of the consequences from this case, which is the convictions in this case. And yet he's telling the jury, I think potentially in a way to sort of get them to sympathize or empathize with him, that it could ruin his chosen profession. And I think he has opened the door to the fact that he had a prior event that was of significance involving leaving the scene of the accident and he's on probation for that and can be punished for that as a result of this conduct as well as whatever the penalty is for this conduct.
>
> I think he's opened the door to that, and I think it's fair to cross-examine him on that. And I will give a limiting instruction at some point about how the jury can use that in terms of assessing his credibility and to--more importantly to assess the credibility of the story that he's telling now with respect to those two things.

Hoy alleges that the district court erred in ruling that he opened the door to discussing his prior felony conviction and his probation at the time. A trial court's decision about whether to admit or exclude evidence is reviewed for an abuse of discretion. *State v. Thompson*, 132 Idaho 628, 634, 977 P.2d 890, 896 (1999). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower

5

court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the lower court reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

In this case, there is no dispute regarding whether the district court correctly perceived the issue as one of discretion or whether the lower court acted within the bounds of the legal standards set forth in Rules 403 and 609. The sole issue here is whether the district court reached its decision to allow the state to cross-examine Hoy about his prior felony and resulting probation, based upon Hoy opening the door, by an exercise of reason.

The district court held that Hoy's comment that "this is the definitely the biggest incident in my life," when viewed in context, was intended to bolster his credibility--specifically, the accuracy of his recollection of the police reports. We agree. In context, Hoy's comment was an attempt to bolster the accuracy of his testimony regarding whether he was familiar with the police reports. This is particularly clear by looking at the sentence immediately preceding, in which Hoy said, "I can almost recite them to you," implying that he was so familiar with the case that he had the pertinent evidence memorized. Continuing, Hoy explained that the reason he had spent so much time becoming so familiar--to the point he could recite the relevant evidence--was that this event was the "biggest incident in [Hoy's] life." However, Hoy's recollection and overall credibility would be undermined if the state could show that there had been another event in Hoy's life that might be considered the "biggest," such as a felony conviction for leaving the scene of an accident. Thus, the district court reached its decision to allow the state to use Hoy's prior conviction to impeach his testimony by an exercise of reason.

The district court also held that Hoy's testimony, explaining the meaning of his comment to the officer that "I knew that argument with that kid was going to ruin my life," opened the door to using Hoy's probation status to impeach his testimony. Hoy testified that the way in which the event would "ruin" his life was that his future career would be affected by being charged with a violent crime. However, in context, it appears, as the district court found, that Hoy was attempting to garner sympathy or empathy from the jury and also implied that the extent of the impact was that his education or financial situation would be affected by the incident. We agree that Hoy opened the door to cross-examination regarding the breadth of the

6

impact--specifically, that he was on probation and that he was facing revocation of his probation, in addition to punishment for the crimes.  Accordingly, the district court reached its decision to allow the state to use Hoy's probation status to impeach Hoy's testimony.

Hoy has not shown that the district court abused its discretion in allowing the state to cross-examine Hoy about his prior felony conviction for leaving the scene of an accident and about his probation for that offense because Hoy opened the door to such questioning. Therefore, Hoy's judgment of conviction for robbery and aggravated assault with a deadly weapon is affirmed.

Judge GUTIERREZ and Judge HUSKEY, **CONCUR**.