# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 49885

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: January 6, 2025 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| WENDALL ERIC NORTHRUP, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Jason D. Scott, District Judge.

Judgment of conviction for felony domestic battery, affirmed.

Erik R. Lehtinen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

---

TRIBE, Judge

Wendall Eric Northrup appeals from his judgment of conviction entered upon the jury verdict finding him guilty of felony domestic battery. Northrup argues the district court erred by admitting impeachment evidence of Northrup's prior felony conviction for larceny. Specifically, Northrup claims the district court abused its discretion when it held that the prior conviction was admissible for impeachment purposes under Idaho Rule of Evidence 609(a). We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Northrup and his girlfriend (J.B.) were involved in a physical altercation that resulted in J.B. sustaining injuries to her face, neck, and chest. After J.B. sought aid for her injuries at the hospital, Northrup was charged with attempted strangulation (Idaho Code § 18-923), and domestic battery (I.C. § 18-918(2), 903(a)).

1

Before trial and pursuant to I.R.E. 609, the State filed a notice of its intent to impeach Northrup with his 2015 felony conviction in Nevada for larceny from a person not amounting to robbery should Northrup choose to testify. Northrup objected to the State's notice of intent to impeach.

At trial and outside of the jury's presence, the State and Northrup argued the admissibility of the prior conviction. Northrup asserted that the prior conviction was not admissible for impeachment purposes because it was not "committed by fraudulent or deceitful means" and it was too remote since it occurred seven years before the trial in this case. Northrup also contended that introducing the prior offense to the jury was "highly prejudicial, with little probative value." The State argued that Northrup's prior offense was admissible to impeach Northrup pursuant to I.R.E. 609.

After argument, the district court ruled from the bench granting the State's request to impeach Northrup with his prior conviction. First, the district court held that its decision is governed by I.R.E. 609(a) because the conviction at issue fell under the ten-year threshold. The district court then found and the parties agreed that, to determine the relevance of a prior conviction to Northrup's credibility, the larceny conviction was a category two felony.[1] The district court held that Northrup's larceny conviction, as a category two felony, did not directly deal with veracity but still had a general relationship with honesty as a theft-related crime.

The district court then analyzed whether the probative value of the prior conviction outweighed its prejudicial effect by addressing the relevant factors. The district court concluded that the prior larceny conviction "pass[ed] the Rule 609 balancing test, which only requires that

---

[1]     Idaho courts use three categories of felonies to determine the relevance of a defendant's prior felony conviction to the defendant's credibility. *State v. Ybarra*, 102 Idaho 573, 580-81, 634 P.2d 435, 442-43 (1981); *State v. Grist*, 152 Idaho 786, 789, 275 P.3d 12, 15 (Ct. App. 2012). Category one involves felonies such as perjury that are intimately connected with credibility. *Grist*, 152 Idaho at 789, 275 P.3d at 15. Category two involves felonies, such as robbery or burglary, that are somewhat less relevant to credibility because they do not deal directly with veracity and have only a general relationship with honesty. *Id.* Category three involves crimes of passion and acts of violence that are the product of emotional impulse and generally have little or no direct bearing on honesty and veracity. *Id.* Thus, as a category two felony, Northrup's prior conviction was less relevant to his credibility than a category one felony but more relevant than a category three felony.

the probative value outweigh [the] prejudicial effect." Accordingly, the district court allowed the State to impeach Northrup with the prior conviction if he testified. Following this ruling, Northrup notified the district court that he intended to testify.

At trial, several witnesses testified: the victim, two physicians (including the physician who treated the victim on the day of attack), the investigating deputy, Northrup's cousin, and Northrup himself. The witnesses' testimony largely included the extent of the victim's injuries, the location of the injuries, and the events that led to the altercation between the victim and Northrup. During his testimony, Northrup admitted that, during the altercation with J.B., he hit her with an open hand and then pushed her away. In addition to the testimony of the witnesses, the district court admitted pictures of the victim's injuries. Prior to jury deliberation, the district court instructed the jury, among other things, on the proper use of the impeachment evidence for the purpose of making a credibility determination.

The jury found Northrup guilty of felony domestic battery and not guilty of attempted strangulation. The district court sentenced Northrup to a unified term of eight years with one and one-half years determinate. Northrup timely appeals.

**II.**

**STANDARD OF REVIEW**

When reviewing the district court's determination if the probative value of the evidence outweighs its prejudicial effect--this Court applies an abuse of discretion standard. *State v. Rossignol*, 147 Idaho 818, 822, 215 P.3d 538, 542 (Ct App. 2009). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the lower court reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989). We must defer to the discretion of the district court so long as that discretion was not abused. *See State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct. App. 2000).

3

## III.

## ANALYSIS

Northrup argues that the district court abused its discretion under I.R.E. 609 when it allowed the State to impeach him with his prior larceny conviction.

Idaho Rule of Evidence 609(a) provides, in pertinent part:

> For the purpose of attacking a witness's character for truthfulness, evidence of the fact that the witness has been convicted of a felony and the nature of the felony must be admitted if elicited from the witness or established by public record, but only if the court determines in a hearing outside the presence of the jury that the fact of the prior conviction or the nature of the prior conviction, or both, are relevant to the witness's character for truthfulness and that the probative value of this evidence outweighs its prejudicial effect to the party offering the witness.

Under this rule, the trial court must apply a two-prong test to determine whether evidence of a prior felony conviction should be admitted: "(1) the court must determine whether the fact or nature of the conviction is relevant to the [witness's] credibility; and (2) if so, the court must determine whether the probative value of the evidence outweighs its prejudicial impact." *State v. Thompson*, 132 Idaho 628, 630, 977 P.2d 890, 892 (1999) (citing *State v. Bush*, 131 Idaho 22, 30, 951 P.2d 1249, 1257 (1997)). For the risk of prejudice to warrant the exclusion of relevant evidence, prejudice must be unfair; that is, it must suggest a decision on an improper basis. *See State v. Moore*, 131 Idaho 814, 819, 965 P.2d 174, 179 (1998); *State v. Pokorney*, 149 Idaho 459, 465, 235 P.3d 409, 415 (Ct. App. 2010).

Northrup contends that the district court incorrectly determined that the probative value of the evidence outweighed its prejudicial effect.[2] Idaho courts have identified seven factors to consider in weighing the probative value of the defendant's prior conviction against its prejudicial effect: (1) the impeachment value of the prior crime; (2) the remoteness of the prior conviction; (3) the witness' criminal history; (4) the similarity between the past crime and the crime charged; (5) the importance of the witness' testimony; (6) the centrality of the credibility issue; and (7) the nature and extent of the witness' criminal record as a whole. *Thompson*, 132 Idaho at 633, 977 P.2d at 895; *State v. Grist*, 152 Idaho 786, 790, 275 P.3d 12, 16 (Ct. App. 2012).

---

[2] In his opening brief, Northrup also challenged the district court's determination that the prior conviction was relevant to his credibility as a witness. However, in his reply brief Northrup withdrew this argument in response to the State's preservation argument.

In determining that the probative value of the prior larceny conviction outweighs its prejudicial effect, the district court assessed six out of the seven factors: (1) the impeachment value of the prior offense; (2) the importance of the testimony to be impeached; (3) the importance of the credibility issue; (4) the nature and extent of the witness' criminal history; (5) the timing and remoteness of the prior conviction; and (6) the similarity between past and present crimes.

The district court found the prior conviction was neither "terribly remote" nor "terribly recent." The district court also acknowledged that Northrup's prior offense was entirely dissimilar to the crimes for which he was on trial. The district court determined, without objection, that the prior larceny conviction was a category two felony. These felonies are relevant to credibility because they have a general relationship with honesty. Further, the prior larceny conviction demonstrates Northrup's willingness to deliberately further his self-interest at the expense of society. As to the importance of the testimony and credibility, the district court determined both were extremely important. The district court explained that one of the issues for the jury to decide in this case is whether Northrup's testimony is more truthful than that of his victim. Northrup's credibility was central to that decision. Thus, the district court found that the probative value of Northrup's prior conviction carried substantial weight. After this analysis, the district court weighed the probative value of Northrup's prior conviction against its prejudicial impact. The district court said, "that the most important factors have to do with this being a credibility battle, if [Northrup] testifies, between him and the alleged victim." Anticipating Northrup testifying, the district court concluded that the prior conviction bears on his character for truthfulness. Exercising its discretion, the district court concluded that the probative value of the prior conviction to impeach Northrup outweighed its potential prejudicial effect.

Given the significant probative value of Northrup's larceny conviction, we cannot conclude that the district court abused its discretion by determining that the probative value of the prior conviction outweighed its prejudicial effect. The district court correctly perceived the issue as one of discretion, acted within the bounds of such discretion, consistently with legal standards applicable to specific choices, and reached its decision by an exercise of reason. Without abuse of discretion being shown, this Court defers to the district court's evidentiary ruling. Accordingly,

Northrup failed to show error in the district court's decision to permit the State to impeach Northrup with his prior larceny conviction.[3]

## IV.

## CONCLUSION

The district court did not abuse its discretion under I.R.E. 609 by allowing the State to impeach Northrup with his prior felony conviction. Northrup's judgment of conviction for domestic battery is affirmed.

Chief Judge GRATTON and Judge LORELLO, **CONCUR**.

---

[3] Because we conclude that the district court did not abuse its discretion, it is unnecessary for this Court to address the State's harmless error argument.