**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 43965**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2016 Unpublished Opinion No. 760 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: November 4, 2016 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| RYAN DEAN BEVARD, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Steven J. Hippler, District Judge.

Judgment of conviction for forgery, <u>affirmed</u>.

Eric D. Fredericksen, Interim State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Ted S. Tollefson, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Ryan Dean Bevard appeals from his judgment of conviction for forgery. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Bevard and his girlfriend were shopping in a store and decided to separate to shop for different items. Bevard attempted to purchase a speaker using counterfeit bills. The clerk said she needed to get a money pen and went to find a store manager. While the clerk was away from the register, Bevard left the store. A store manager followed Bevard to the parking lot, wrote down his license plate number, and called the police.

The police located Bevard's vehicle and tried to stop him. Bevard refused to stop and falsely reported a shooting to 911 in an attempt to redirect the police. The police eventually stopped Bevard's vehicle, and he was arrested. The State charged Bevard with forgery and

1

various misdemeanors. Because Bevard had prior grand theft and burglary convictions, both felonies, the State also sought a persistent violator enhancement. Bevard pled guilty to the misdemeanor charges and proceeded to trial on the forgery charge.

Prior to trial, the State filed a notice of intent to impeach Bevard pursuant to Idaho Rule of Evidence 609. Specifically, the State sought to use the fact and nature of Bevard's prior grand theft and burglary convictions to impeach him if he testified. The district court held the State could use both the fact and nature of the prior convictions for impeachment. Bevard moved for reconsideration of the court's decision, arguing the State should be limited to using the fact of his prior convictions because the convictions were "closely connected" to the forgery charge. The court denied Bevard's motion for reconsideration, holding the forgery charge was not similar enough to the prior convictions for the prejudicial effect of the evidence to outweigh its probative value in light of all relevant factors.

Bevard testified that he left the store because his girlfriend called him in a panic and told him she had to go to work. He said he planned to return to the store to get his speaker, and he denied knowing that the bills were counterfeit. Bevard also said he refused to pull over because he had a warrant out for his arrest and did not have a valid driver's license. He testified that he had previously been convicted of grand theft and burglary. The court instructed the jury to consider the nature of Bevard's prior convictions "only as it may affect" his credibility as a witness. The jury found Bevard guilty, and Bevard pled guilty to the persistent violator enhancement. Bevard timely appeals.

## II.

## ANALYSIS

Bevard argues the district court abused its discretion under I.R.E. 609 by allowing the State to impeach him with the nature of his prior felony convictions. Idaho Rule of Evidence 609(a) states:

> For the purposes of attacking a witness's character for truthfulness, evidence of the fact that the witness has been convicted of a felony and the nature of the felony shall be admitted if elicited from the witness or established by public record, but only if the court determines in a hearing outside the presence of the jury that the fact of the prior conviction or the nature of the prior conviction, or both, are relevant to the witness's character for truthfulness and that the probative value of admitting this evidence outweighs its prejudicial effect to the party offering the witness.

2

Under this rule, the trial court must apply a two-prong test to determine whether evidence of a prior conviction should be admitted: "(1) the court must determine whether the fact or nature of the conviction is relevant to the witness' credibility; and (2) if so, the court must determine whether the probative value of the evidence outweighs its prejudicial impact." *State v. Thompson*, 132 Idaho 628, 630, 977 P.2d 890, 892 (1999).

Bevard does not challenge the district court's determination that the nature of his prior convictions was relevant to his credibility as a witness. Rather, Bevard challenges the court's determination that the probative value of the evidence outweighed its prejudicial effect. "In reviewing the trial court's decision as to the second prong concerning whether the probative value of the evidence outweighs its prejudicial impact, the standard of review is abuse of discretion." *Id.* When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court correctly perceived the issue as one of discretion, acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it, and reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

Our appellate courts have identified seven factors to weigh the probative value of the defendant's prior conviction against its prejudicial effect:

> (1) the impeachment value of the prior crime, (2) the remoteness of the prior conviction, (3) the witness' criminal history, (4) the similarity between the past crime and the crime charged, (5) the importance of the witness' testimony, (6) the centrality of the credibility issue, and (7) the nature and extent of the witness' criminal record as a whole.

*Thompson*, 132 Idaho at 633, 977 P.2d at 895; *see State v. Rodgers*, 119 Idaho 1066, 1073, 812 P.2d 1227, 1234 (Ct. App. 1990). Courts have found the probative value of the nature of a prior conviction does not outweigh its prejudicial effect when the prior conviction is similar to the crime with which the defendant is charged. *Thompson*, 132 Idaho at 632-33, 977 P.2d at 894-95; *see Rodgers*, 119 Idaho at 1073, 812 P.2d at 1234.

For example, in *Rodgers* the defendant was on trial for murder. *Rodgers*, 119 Idaho at 1068, 812 P.2d at 1229. The trial court allowed the State to impeach the defendant with the fact but not the nature of his prior murder conviction. *Id.* at 1073, 812 P.2d at 1234. While the trial court found the nature of the defendant's prior conviction was relevant to his credibility as a witness, the court concluded the probative value of the evidence did not outweigh its prejudicial

3

effect. *Id.* at 1072-73, 812 P.2d at 1233-34. This Court affirmed the trial court's decision. *Id.* at 1073, 812 P.2d at 1234.

Similarly, in *Thompson* the trial court allowed the State to impeach the defendant with the fact but not the nature of his prior lewd and lascivious conduct conviction in his trial for sexual battery of a minor and aggravated assault. *Thompson*, 132 Idaho at 633, 977 P.2d at 895. Although the trial court found the nature of the defendant's prior conviction was relevant to his credibility as a witness, the court concluded the probative value of the evidence did not outweigh its prejudicial effect because of the similarity between the prior conviction and the crime with which he was charged. *Id.* Our Supreme Court affirmed the trial court's decision. *Id.*

Bevard asserts his forgery charge was similar to his prior convictions for burglary and grand theft. Thus, he asserts the district court abused its discretion in determining the probative value of the nature of his prior convictions outweighed its prejudicial effect.

The district court initially ruled on the I.R.E. 609 issue, stating:

> The fact of those convictions would be admissible under Rule 609. I've considered the prejudicial effect and I don't believe the prejudicial effect outweighs the probative value of those prior convictions should [Bevard] testify.
>
> I believe the state should also be entitled to, and I will allow them to elicit what the conviction was for. That will eliminate the jury from speculating about what that might have been, as well as to allow them to properly assess the credibility of [Bevard]. I understand the defense's point that they would prefer that the nature of those not be admitted, but I believe that the nature is relevant and I don't believe that the nature in any way is too unfairly prejudicial. I don't think they are close enough of the same crime, so to speak, that is charged in this case to make it unfair or overly prejudicial to allow that.

Bevard moved for reconsideration of the court's decision, and the court held a hearing on the motion. After argument from Bevard, the court stated:

> I believe it is relevant as a Tier II[1] crime, I believe that in general the probative value is not outweighed by the prejudicial effect, but it seems to me that the

---

[1] The district court found that Bevard's prior convictions were "Tier II," or category two, felonies. Idaho courts use three categories of felonies to determine the relevance of a defendant's prior felony to the defendant's credibility. *State v. Ybarra*, 102 Idaho 573, 580-81, 634 P.2d 435, 442-43 (1981); *State v. Grist*, 152 Idaho 786, 789, 275 P.3d 12, 15 (Ct. App. 2012). Category one involves felonies such as perjury that are intimately connected with the issue of credibility. *Grist*, 152 Idaho at 789, 275 P.3d at 15. Category two involves felonies such as robbery or burglary that are somewhat less relevant to the issue of credibility because they do not deal directly with veracity and have only a general relationship with honesty. *Id.* Category three involves crimes of passion and acts of violence that are the product of emotional impulse and generally have little or no direct bearing on honesty and veracity. *Id.* Thus, as

4

probative value of it is best and perhaps only judged in light of understanding what the nature of it is.

The parties finished their arguments, and the court stated it had considered the factors in *Rodgers* and *Thompson* and concluded:

> To me in some respect what is important here are a couple of things in making this decision: The closeness of the prior felony convictions to this crime in terms of the type of crime, number one; and, number two, the centrality of the credibility issue.
>
> I think what is at issue here is almost entirely made or lost on the credibility of [Bevard's] testimony. What is at issue is what was in [Bevard's] mind, did he know or did he not know that this currency was counterfeit.
>
> . . . The crimes--the similarity of the current crime, they are not the same crime, they are two different crimes.
>
> Yes, at least the grand theft involves the stealing of property in some way or another, but this case really is about the knowledge of the falsity of the currency in this case. . . . The burglary crime especially is not the same crime.
>
> . . . .
>
> Having weighed those considerations . . . I think that the probative value of the nature of the prior convictions is not outweighed by the potential for prejudice. And so I'm going to allow the state to reference those [prior convictions].

We cannot say the court abused its discretion. The court determined the prior convictions were "Tier II," or category two, felonies. Under established case law, category two felonies are quite relevant to credibility and admissible in most cases. *See State v. Ybarra*, 102 Idaho 573, 581, 634 P.2d 435, 443 (1981) ("Burglary falls within the category of crimes which involves dishonesty and is admissible for the purpose of impeaching a witness's credibility." (quoting *State v. Thomas*, 551 P.2d 873, 876 (Kan. 1976))). Further, the primary issue for the jury to decide in this case was whether Bevard knew the bills were counterfeit, and Bevard's credibility was central to that decision. Thus, the probative value of the nature of Bevard's prior convictions carried substantial weight. Moreover, in comparison with the nearly identical charges and prior convictions in *Rodgers* and *Thompson*, there is less similarity between the current forgery charge and prior burglary and grand theft convictions in this case. The district court found that forgery is a different crime than burglary or grand theft. Knowingly passing counterfeit money is different than entering a building with the intent to steal or stealing goods in

category two felonies, Bevard's prior convictions were more relevant to his credibility than felonies involving emotional impulse but less relevant to his credibility than felonies such as perjury.

5

excess of $1,000. Additionally, the court instructed the jury to consider the nature of Bevard's prior convictions "only as it may affect" Bevard's credibility as a witness, thus limiting the prejudicial effect of the evidence. Therefore, while the nature of Bevard's prior convictions carried some prejudicial effect, the district court, after thorough consideration, did not abuse its discretion in determining that prejudicial effect did not outweigh the probative value of the evidence. Accordingly, we hold that the district court properly exercised its discretion in allowing the State to impeach Bevard with the nature of his prior convictions.

## III.

## CONCLUSION

The district court did not abuse its discretion under I.R.E. 609 by allowing the State to impeach Bevard with the nature of his prior felony convictions. Bevard's judgment of conviction for forgery is affirmed.

Chief Judge MELANSON and Judge GUTIERREZ **CONCUR**.