# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 35278

| | |
|---|---|
| STATE OF IDAHO, )<br>)<br>Plaintiff-Respondent, )<br>)<br>v. )<br>)<br>HUNVERTO PASQUINAL ORTIZ, )<br>)<br>Defendant-Appellant. )<br>) | 2009 Opinion No. 65<br><br>Filed: September 18, 2009<br><br>Stephen W. Kenyon, Clerk |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Randy J. Stoker, District Judge.

Judgment of conviction for possession of a controlled substance, <u>affirmed</u>.

Molly J. Huskey, State Appellate Public Defender; Heather M. Carlson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

LANSING, Chief Judge

Hunverto Pasquinal Ortiz, was found guilty of possession of a controlled substance following a jury trial. On appeal, Ortiz argues the trial court erred by allowing the State to introduce certain testimony and that his right to a fair trial was violated by prosecutorial misconduct during closing argument. Finding no error, we affirm.

## I.

## BACKGROUND

Ortiz was stopped for speeding. During the traffic stop, another officer arrived with a narcotics canine, and the dog alerted on the front passenger side of Ortiz's vehicle. The officers then searched the vehicle and noticed a white crystal substance on the floor in front of the front passenger seat. The white substance, along with some debris, was collected from the floor and was later identified as methamphetamine. Ortiz was charged with possession of a controlled substance, Idaho Code § 37-2732(c)(1), and a jury trial was conducted.

1

During the trial, Rachel Cutler, a forensic scientist, testified that the material sent to her for analysis, consisting of both methamphetamine and a small amount of debris, weighed a total of 3.82 grams. Cutler stated she did not remove the debris to determine the weight of the methamphetamine alone because to do so would be very time-consuming, weight was not an issue in the case, and the amount of debris was "not substantial enough to greatly affect" the total weight. She also testified that the methamphetamine "outweighed the debris definitely" and that the quantity of debris was "insignificant."

Over a defense objection, the prosecutor was thereafter allowed to elicit the testimony of Kenneth Mencl, an investigator for the Twin Falls sheriff's office, that one "hit" of methamphetamine is generally between an eighth and a quarter of a gram and that it was uncommon for people to purchase at one time more than one to three hits--approximately a half a gram to a gram of methamphetamine. Investigator Mencl further testified that an eighth of a gram of methamphetamine has a street value of approximately $25, a quarter of a gram is approximately $50, and a gram is approximately $100. When the defense objected that this testimony should be excluded under Idaho Rule of Evidence 403 because it was more unfairly prejudicial than probative, the prosecutor argued its relevance as follows:

> [T]his goes to whether or not Mr. Ortiz knew of the presence of the methamphetamine. And this evidence is to rebut any inference that a person who may have placed it there wouldn't have placed that amount of methamphetamine accidentally. This is not a situation where someone accidentally spills a trace amount and doesn't realize that they spilled that.
> This, I think, goes to whether or not it would be reasonable for anyone else to have placed that and have lost that amount of methamphetamine without realizing that, you know, that they had lost that or to have actually intentionally placed it in that particular vehicle. It just doesn't make any sense.
> But the jury, where they really don't know anything about the drug culture, they are not going to understand the significance of that amount of methamphetamine on that floorboard. So I think that it is relevant to show that no reasonable person would have accidentally or intentionally have left it there for someone else to have been in the situation like Mr. Ortiz is claiming.

The court agreed with the State's argument, concluding that the evidence was relevant to show by inference that Ortiz had knowledge of the presence of the drugs. The court also concluded that this evidence was not "unduly prejudicial under Rule 403."

The jury found Ortiz guilty. Ortiz contends on appeal that the trial court erred by allowing Investigator Mencl's testimony regarding typical methamphetamine value and use. He

also contends that the prosecutor engaged in misconduct during closing argument by misrepresenting Cutler's testimony about the weight of the tested substance.

## II.

## DISCUSSION

### A. Investigator's Testimony

We begin with Ortiz's contention that the investigator's testimony regarding typical methamphetamine use and sale value should have been excluded because the risk of unfair prejudice or of misleading the jury outweighed the probative value of this evidence. Idaho Rule of Evidence 403 provides that evidence may be excluded, even if it is relevant, "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . ." The balancing test that is called for by this rule is committed to the discretion of the trial court, and that court's decision will not be disturbed on appeal absent an abuse of discretion. *State v. Thompson*, 132 Idaho 628, 630, 977 P.2d 890, 892 (1999); *State v. Enno*, 119 Idaho 392, 406, 807 P.2d 610, 624 (1991); *State v. Kremer*, 144 Idaho 286, 289, 160 P.3d 443, 446 (Ct. App. 2007); *State v. Birkla*, 126 Idaho 498, 500, 887 P.2d 43, 45 (Ct. App. 1994). In determining whether the trial court abused its discretion, we inquire into: (1) whether the trial court correctly perceived the issue as a discretionary one, (2) whether the trial court acted within the outer bounds of its discretion and consistently with the applicable legal standards; and (3) whether the trial court reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

Ortiz contends that the trial court was not applying the correct standard when it found that the evidence was not "unduly prejudicial." Ortiz maintains there was error because "the appropriate test under I.R.E. 403 is not whether prejudicial evidence is unduly prejudicial but whether the *risk* of unfair prejudice substantially outweighs the probative value." We are unpersuaded. The trial court's analysis shows that it was aware of the applicable legal standard, I.R.E. 403. It is not necessary for a trial court to parrot the words of a rule in order to apply it. The court's discussion of the probative value of the evidence and the relative potential for unfair prejudice illustrates that the court understood and correctly applied the applicable balancing test.

Ortiz also argues that the investigator's testimony concerning typical use and the value of quantities of methamphetamine did not have probative value in this case because the weight of the actual methamphetamine in the material recovered from Ortiz's car was not determined.

3

Because the material weighed by the forensic scientist was not the methamphetamine alone but methamphetamine mixed with debris, Ortiz argues that the investigator's testimony about usage quantities and values could not be appropriately considered by the jury. According to Ortiz, the investigator's testimony improperly encouraged the jury to assume that the weight of everything in the baggie was methamphetamine, unduly prejudicing him and confusing the jury.

In order to prove Ortiz's guilt of possession of a controlled substance, the State was required to prove that he had both knowledge and control of the methamphetamine on the floor of his car. *State v. Blake*, 133 Idaho 237, 242, 985 P.2d 117, 122 (1999); *State v. Silva*, 134 Idaho 848, 855, 11 P.3d 44, 51 (Ct. App. 2000); *State v. Garza*, 112 Idaho 776, 778, 735 P.2d 1087, 1089 (Ct. App. 1987). We have previously noted that in a possession of a controlled substance case, "[t]he greater the amount of a controlled substance found in a defendant's possession, the greater the inference of knowledge . . . ." *State v. Groce*, 133 Idaho 144, 152, 983 P.2d 217, 225 (Ct. App. 1999). Investigator Mencl's testimony was relevant for the juror's evaluation of whether, considering the value and number of doses of methamphetamine found in Ortiz's car, it was plausible that the substance would have been intentionally or accidentally left there by a third person, i.e., without Ortiz's knowledge. Of course, as Ortiz points out, this evidence would be probative only if the quantity of methamphetamine were known. In this case, although the precise weight of the methamphetamine was unknown, the scientist's testimony gave evidence of the relative amount of methamphetamine versus debris. She testified that the "controlled substance outweighed the debris definitely," and that the debris was "not substantial enough to greatly affect" the total weight. She also agreed with the prosecutor's characterization of the debris in the substance as "insignificant." This testimony gave sufficient information concerning the quantity of methamphetamine found in Ortiz's car to render relevant investigator Mencl's testimony about the street value and number of "hits" of methamphetamine represented by that quantity.

Given the clarity of the scientist's testimony concerning the presence of debris in the material, we see no risk that Officer Mencl's testimony could have misled the jury into believing that the weighed material was only methamphetamine, without debris. Ortiz has not shown that there existed a risk of unfair prejudice or of misleading the jury that substantially outweighed the probative value of Officer Mencl's testimony.

B.      **Prosecutorial Misconduct**

Ortiz next argues that prosecutorial misconduct occurred in closing argument. He complains that the prosecutor misrepresented Cutler's testimony when he said to the jury: "As the criminalist Rachel Cutler told you, that debris, as far as the weight of it towards the total weight, was insignificant. And so this basically was in the neighborhood of three and a half grams plus weight full of methamphetamine." Although Ortiz did not object to this line of argument at trial, he contends that the claim of error is reviewable on appeal as fundamental error.

When a party fails to preserve an issue for appeal through a timely objection, the issue will be reviewed on appeal only if it constitutes fundamental error. *State v. Lovelass*, 133 Idaho 160, 167, 983 P.2d 233, 240 (Ct. App. 1999). The Idaho Supreme Court has defined fundamental error as follows:

> Error that is fundamental must be such error as goes to the foundation or basis of a defendant's rights or must go to the foundation of the case or take from the defendant a right which was essential to his defense and which no court could or ought to permit him to waive.

*State v. Christiansen*, 144 Idaho 463, 470, 163 P.3d 1175, 1182 (2007); *State v. Bingham*, 116 Idaho 415, 423, 776 P.2d 424, 432 (1989). The Supreme Court has also utilized other definitions of fundamental error, describing it as: "an error that goes to the foundation or basis of a defendant's rights," *State v. Kenner*, 121 Idaho 594, 597, 826 P.2d 1306, 1309 (1992), and "error which 'so profoundly distorts the trial that it produces manifest injustice and deprives the accused of his constitutional right to due process,'" *State v. Sheahan*, 139 Idaho 267, 281, 77 P.3d 956, 970 (2003) (quoting *State v. Mauro*, 121 Idaho 178, 180, 824 P.2d 109, 111 (1991)). Prosecutorial misconduct in closing argument will be considered a fundamental error when it is "calculated to inflame the minds of jurors and arouse passion or prejudice against the defendant, or is so inflammatory that the jurors may be influenced to determine guilt on factors outside the evidence." *State v. Porter*, 130 Idaho 772, 785, 948 P.2d 127, 140 (1997); *State v. Kuhn*, 139 Idaho 710, 715, 85 P.3d 1109, 1114 (Ct. App. 2003). When reviewing a question of prosecutorial misconduct for fundamental error, we first ask whether the conduct complained of was improper. *State v. Reynolds*, 120 Idaho 445, 448, 816 P.2d 1002, 1005 (Ct. App. 1991); *Kuhn*, 139 Idaho at 715, 85 P.3d at 1114.

A prosecutor is allowed considerable latitude in closing argument and is entitled to discuss inferences arising from the trial evidence. *Porter*, 130 Idaho at 786, 948 P.2d at 141;

5

*State v. Phillips*, 144 Idaho 82, 86, 156 P.3d 583, 587 (Ct. App. 2007). A prosecutor may not, however, misrepresent or mischaracterize the evidence. *State v. Raudebaugh*, 124 Idaho 758, 769-70, 864 P.2d 596, 607-08 (1993); *State v. Beebe*, 145 Idaho 570, 574-75, 181 P.3d 496, 500-01 (Ct. App. 2007); *Phillips*, 144 Idaho at 86, 156 P.3d at 587.

Ortiz has failed to show a misstatement of the evidence by the prosecutor, much less a misstatement that rises to the level of fundamental error. Cutler testified repeatedly that the debris would not significantly affect the total weight of the methamphetamine/debris mixture. The prosecutor accurately summarized this testimony when he said, "As the criminalist Rachel Cutler told you, that debris, as far as the weight of it towards the total weight, was insignificant." The prosecutor's next statement, "[a]nd so this basically was in the neighborhood of three and a half grams plus weight full of methamphetamine," did nothing more than suggest a reasonable inference that could be drawn by the jury. The prosecutor merely inferred an estimate of the weight of the methamphetamine. Because this statement did not misrepresent the evidence, and was not otherwise improper, there was no prosecutorial misconduct.

**III.**

**CONCLUSION**

Because Ortiz has shown no error in the admission of Officer Mencl's testimony or misconduct in the prosecutor's closing argument, the judgment of conviction is affirmed.

Judge PERRY and Judge GUTIERREZ **CONCUR.**