IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 37214

| STATE OF IDAHO, | ) | 2011 Unpublished Opinion No. 414 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: March 24, 2011 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| CHRISTOPHER GIBB LANDELL, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Deborah A. Bail, District Judge.

Judgment of conviction and sentence for aggravated assault, <u>affirmed</u>.

Molly J. Huskey, State Appellate Public Defender; Erik R. Lehtinen, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Judge

Christopher Gibb Landell appeals from the judgment of conviction entered upon the jury finding him guilty of aggravated assault, Idaho Code §§ 18-901(a), -905(b). Specifically, he contends that prosecutorial misconduct deprived him of a fair trial. For the reasons set forth below, we affirm.

## I.

## FACTS AND PROCEDURE

While incarcerated at the Idaho Department of Correction, inmate Christopher Landell allegedly beat up another inmate and consequently, the state charged him with aggravated assault. I.C. §§ 18-901(a), -905(b). At trial, the state provided a video as evidence of the attack showing eighty-seven punches, and thirty-two hits and stomps in just over two minutes. The state also presented expert testimony from Dr. Michael Sexton. Dr. Sexton's testimony regarding the severity of injuries that could result from the punches, hits, and stomps he observed

1

on the video was elicited by the state to prove that Landell had "committed the crime with the means and force likely to cause great bodily harm."[1] Dr. Sexton testified that the blow to the head he observed on the video created the potential for great bodily harm because it could cause broken bones, brain injury, or future disability. Dr. Sexton also opined that the kicks and repeated blows to the back and torso could cause great bodily injury by injuring the neck or spine, or the kidneys, liver, or spleen.[2] When asked why the victim did not actually suffer any of these injuries that would have risen to the level of great bodily harm, Dr. Sexton replied that he did not know why. During closing argument, the prosecutor referenced the video as well as Dr. Sexton's testimony when she stated, "He would expect great bodily harm." Landell did not object to the prosecutor's statements at trial.

The jury returned a guilty verdict and the district court imposed sentence. Landell appeals from the judgment of conviction, asserting prosecutorial misconduct occurred during trial. Specifically, Landell argues that the prosecutor misstated Dr. Sexton's testimony when she stated, "He would expect great bodily harm" during closing argument. In addition, Landell contends that the prosecutor's alleged misconduct rose to the level of fundamental, reversible error, thereby entitling him to a new trial.

## II.

## ANALYSIS

### A. Standard of Review Involving Fundamental Error

Landell argues that the prosecutor's alleged misstatement of Dr. Sexton's testimony was misconduct that rose to the level of fundamental error. Recently in *State v. Perry*, 150 Idaho 209, 245 P.3d 961 (2010), the Idaho Supreme Court clarified the fundamental error doctrine that applies where a defendant asserts that an error occurred at trial–which it explicitly stated included allegations of prosecutorial misconduct. The Court summarized the standards

---

[1] The quoted language refers to an element of the offense of aggravated assault under Idaho Code Section 18-905(b): "By any means or force likely to produce great bodily harm."

[2] Landell vaguely asserts that Dr. Sexton's testimony regarding the severe injuries that can result from blows such as those on the video should be compared against the victim's actual injuries, which were minor. However, actual injury is not an element of the offense of aggravated assault, and Landell provides no legal argument stating otherwise. Therefore, this Court does not address it. *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996) (holding that a party waives an issue on appeal if argument or authority is lacking).

applicable both when there was a contemporaneous objection and when there was not, the latter of which is applicable here:

> If the alleged error was not followed by a contemporaneous objection, it shall only be reviewed by an appellate court under Idaho's fundamental error doctrine. Such review includes a three-prong inquiry wherein the defendant bears the burden of persuading the appellate court that the alleged error: (1) violates one or more of the defendant's unwaived constitutional rights; (2) plainly exists (without the need for any additional information not contained in the appellate record, including information as to whether the failure to object was a tactical decision); and (3) was not harmless. If the defendant persuades the appellate court that the complained of error satisfies this three-prong inquiry, then the appellate court shall vacate and remand.

*Id.* at 228, 245 P.3d at 980. In regard to the harmless error analysis, a defendant bears the burden of proving there is a reasonable possibility that the error affected the outcome of the trial. *Id.* at 226, 245 P.3d at 978. Employing this standard, we examine Landell's allegations of prosecutorial misconduct.

**B.      Prosecutorial Misconduct**

Landell contends that the prosecutor committed misconduct during closing argument when she stated, "He would expect great bodily harm," in reference to Dr. Sexton's testimony.

Closing argument serves to sharpen and clarify the issues for resolution by the trier of fact in a criminal case. *State v. Gross*, 146 Idaho 15, 18, 189 P.3d 477, 480 (Ct. App. 2008); *State v. Timmons*, 145 Idaho 279, 288, 178 P.3d 644, 653 (Ct. App. 2007). Its purpose is to enlighten the jury and to help the jurors remember and interpret the evidence. *Id.* Both sides have traditionally been afforded considerable latitude in closing argument to the jury and are entitled to discuss fully, from their respective standpoints, the evidence and the inferences to be drawn therefrom. *State v. Sheahan*, 139 Idaho 267, 280, 77 P.3d 956, 969 (2003); *Gross*, 146 Idaho at 18, 189 P.3d at 480. This includes the right to express how, from that party's perspective, the evidence confirms or calls into doubt the credibility of particular witnesses. *Id.* It is improper for a party to present closing argument that misrepresents or mischaracterizes the evidence. *State v. Troutman*, 148 Idaho 904, 911, 231 P.3d 549, 556 (Ct. App. 2010); *State v. Beebe*, 145 Idaho 570, 575, 181 P.3d 496, 501 (Ct. App. 2007). In addition, it constitutes misconduct for a prosecutor to place before the jury facts not in evidence. *State v. Gerardo*, 147 Idaho 22, 26, 205 P.3d 671, 675 (Ct. App. 2009); *State v. Phillips*, 144 Idaho 82, 86, 156 P.3d 583, 587 (Ct. App. 2007). Statements are not misconduct when it is apparent from the context in

3

which the challenged statements were made that the prosecutor was analyzing the evidence and stating the conclusions that he urged the jury to draw from the evidence. *State v. Felder*, 150 Idaho 269, 275, 245 P.3d 1021, 1027 (Ct. App. 2010).

Landell contends that Dr. Sexton never testified that the blows were likely to produce great bodily harm. Instead, Landell asserts that Dr. Sexton merely testified as to the *possible consequences* of such blows. Landell points to the following statements in the prosecutor's closing argument:

> Dr. Sexton, who talks about his review of the video, his review of the medical charts, his review of the picture[s], and he's been a doctor for some 30 years and he tells you that in his review of these things *he would expect greater injuries. He would expect great bodily harm. . . .* But we also have Dr. Sexton who says in looking at that video and seeing how he's getting kicked and punched and stomped on, "Yeah, I'm going to expect injuries. I'm surprised there's not [sic] injuries. . . . *I'm going to expect more injuries*, and I can't explain why he didn't have them." So yes, in committing the crime he did it with the means and force likely to cause great bodily harm.

Landell asserts that the italicized portions of the prosecutor's closing arguments amount to misstatements of the evidence that constitute misconduct. In support of his argument, Landell relies on *United States v. Fearns*, 501 F.2d 486 (7th Cir. 1974), a stolen property and forgery case in which the prosecutor referenced inadmissible evidence during closing argument in order to strengthen the credibility of a witness. In that case, the Court reversed and remanded the case due to the prosecutor's misconduct, and in doing so, instructed the trial court to consider the rationale for admission of the evidence. *Fearns*, 501 F.2d at 492.

*Fearns* can be distinguished from the present case. There is a significant difference between a prosecutor's express or implied reference to knowledge of information that was not presented to the jury like what occurred in *Fearns*, and the prosecutor's characterization of an expert's testimony like what occurred here. In *Fearns*, the prosecutor told the jury that a witness had made a prior consistent statement when no statement to that effect had been offered into evidence. The Court in *Fearns* determined the prosecutor's error to be prejudicial because it could not be cured by any action of the trial judge. In contrast, the prosecutor's alleged misstatement in this case was in reference to direct witness testimony that had been presented to the jury. Furthermore, in this case, the jury was instructed to disregard any statements that have no basis in evidence, including the arguments of counsel.

4

The prosecutor's statement here is similar to that found permissible in *Ortiz*, 148 Idaho 38, 218 P.3d 17, a case regarding possession of a controlled substance. In *Ortiz*, the misconduct at issue occurred when the prosecutor allegedly misstated testimony presented by the state's expert in order to prove an element of the offense. During closing argument, the prosecutor in *Ortiz* referenced the expert's testimony when he told the jury that the total weight of the controlled substance "basically was in the neighborhood of three and a half grams." *Id.* at 42, 218 P.3d at 21. This statement by the prosecutor in *Ortiz* was in reference to the expert's actual testimony that the material sent to her included an "insignificant" amount of debris and weighed a total 3.82 grams. *Id.* at 40, 218 P.3d at 19. In *Ortiz*, the prosecutor did not commit misconduct because he "did nothing more than suggest a reasonable inference that could be drawn by the jury." *Id.* at 42, 218 P.3d at 21. This Court's conclusion in *Ortiz* is equally applicable to the prosecutor's statement challenged by Landell because, like in *Ortiz*, the prosecutor's statement suggested an inference that could be drawn by the jury from the evidence presented during the trial. *See also Felder*, 150 Idaho at 274, 245 P.3d at 1026 (holding a prosecutor's statement not improper when it merely analyzed the evidence and urged the jury to draw a conclusion therefrom); *State v. Priest*, 128 Idaho 6, 14, 909 P.2d 624, 632 (Ct. App. 1995) (same).

Landell has not shown a misstatement of the evidence by the prosecutor that rises to the level of fundamental error. Dr. Sexton testified at trial, based on his review of the videotape, that the blows delivered by Landell *could have caused* great bodily harm or injury, and that he "didn't know" why such injuries did not result in this case. The prosecutor's statement during closing argument, "He would expect great bodily harm," was appealing to the jury to draw an inference from Dr. Sexton's testimony that he could not explain the absence of serious injuries to the victim. Like the statement in *Ortiz*, the prosecutor's statement in this case suggested a reasonable argument based upon inferences that could be drawn from the evidence. Thus, Landell has failed to show that the prosecutor's statement constituted misconduct.

## III.

## CONCLUSION

The prosecutor did not commit misconduct when she suggested a reasonable inference that could be drawn by the jury from the evidence presented at trial. Accordingly, Landell's judgment of conviction for aggravated assault is affirmed.

Chief Judge GRATTON and Judge LANSING **CONCUR.**