**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 44878**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: February 20, 2019 |
| Plaintiff-Respondent, | ) |
| | ) Karel A. Lehrman, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| GUADALUPE GARCIA-CARRANZA, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Deborah A. Bail, District Judge.

Judgment of conviction for trafficking in methamphetamine, affirmed.

Greg S. Silvey, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Ted S. Tollefson, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Judge

Guadalupe Garcia-Carranza appeals from his judgment of conviction for trafficking in methamphetamine, asserting that the district court erred in denying his motion in limine to exclude testimony regarding the resale or "street value" of the methamphetamine that was the subject of the trafficking charge. For the reasons set forth below, we affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

An undercover narcotics officer arranged to buy two pounds of methamphetamine from Jesus Castro-Angulo for $16,000, and Castro-Angulo agreed to provide additional methamphetamine to the officer on credit. On the date and time of the scheduled buy, Castro-Angulo and two passengers drove to the prearranged location to meet the officer. Guadalupe Garcia-Carranza was in the front passenger seat of the vehicle and Alejandro Garcia-Carranza

1

was in the back passenger seat. After arriving at the prearranged location, law enforcement arrested all three occupants of the vehicle and seized more than two pounds of methamphetamine from the car. All three occupants were charged with trafficking 400 grams or more of methamphetamine, I.C. §§ 37-2732B(a)(4)(C) and 18-204, and the cases were consolidated for trial.[1]

Prior to trial, Guadalupe filed a motion in limine to exclude evidence of the street value of the methamphetamine; Guadalupe's co-defendants joined in the motion.[2] The district court denied the motion. A jury found Guadalupe guilty of trafficking in methamphetamine.[3] Gaudalupe appeals.

## II.

## STANDARD OF REVIEW

A trial court's determination that evidence is relevant is reviewed de novo, but a trial court's determination under I.R.E. 403 is reviewed for an abuse of discretion. *State v. Kopsa*, 126 Idaho 512, 520-521, 887 P.2d 57, 65-66 (Ct. App. 1994). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

## III.

## ANALYSIS

Guadalupe argues that the district court erred in denying his motion to exclude evidence of the street value of the methamphetamine that was the subject of the trafficking charge because

---

[1]     Castro-Angulo was also charged with trafficking in methamphetamine for a transaction that occurred on an earlier date.

[2]     The motion distinguished between the relevance of the purchase value of the methamphetamine ($16,000) and the street value of the methamphetamine and only challenged the relevance of the latter.

[3]     The jury also found Guadalupe's co-defendants guilty.

the district court failed to exercise reason in concluding such evidence was relevant and not unfairly prejudicial. The State responds that the district court correctly concluded the evidence was relevant and properly exercised its discretion in determining the evidence was not unfairly prejudicial. Alternatively, the State argues that any error in the admission of the evidence was harmless. We conclude that Guadalupe has failed to show the district court abused its discretion in admitting evidence of the street value of the methamphetamine.

Evidence that is relevant to a material and disputed issue concerning the crime charged is generally admissible. *State v. Stevens*, 146 Idaho 139, 143, 191 P.3d 217, 221 (2008). Evidence is relevant if it has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. I.R.E. 401; *Stevens*, 146 Idaho at 143, 191 P.3d at 221. Whether a fact is of consequence or material is determined by its relationship to the legal theories presented by the parties. *State v. Johnson*, 148 Idaho 664, 671, 227 P.3d 918, 925 (2010).

Guadalupe's motion to exclude evidence of the street value of the methamphetamine was based on his contention that the street value was irrelevant to prove any fact of consequence relative to the elements of trafficking. Guadalupe also argued that evidence of street value was unfairly prejudicial because the evidence would inflame the passions of the jury and potentially confuse the issues. The district court denied Guadalupe's motion, concluding the evidence was "highly" and "very" relevant and not unfairly prejudicial. As to relevance, the district court reasoned that, "when there is a valuable object and multiple people are involved in its transportation and delivery," there is an "inference that a person would not let people accompany them . . . unless they were also participants in the same project." The district court's relevance determination is consistent with our prior opinions in *State v. Groce*, 133 Idaho 144, 983 P.2d 217 (Ct. App. 1999) and *State v. Ortiz*, 148 Idaho 38, 218 P.3d 17 (Ct. App. 2009).

*Groce* involved a challenge to the sufficiency of the evidence to support the defendant's conviction for possession of cocaine. Groce argued that the minute amount of cocaine found was insufficient to support an inference that he knowingly possessed it. In addressing Groce's argument, this Court stated that the quantity of a controlled substance found in a defendant's possession is inextricably intertwined with a defendant's knowledge of the presence of the substance and control thereof. *Groce*, 133 Idaho at 152, 983 P.2d at 225. The greater the

3

amount of a controlled substance found in a defendant's possession, the greater the inference of knowledge and control. *Id.*

This Court relied on the foregoing principle from *Groce* in *Ortiz*. In *Ortiz*, the defendant was charged with possession of methamphetamine after material found on the floor of his car tested positive for methamphetamine. The submitted material weighed 3.82 grams and included a small amount of debris. At trial, the State was permitted to introduce testimony that one "hit" of methamphetamine generally weighs between an eighth and a quarter of a gram and that it was uncommon for people to purchase more than one to three hits at a time. The State also introduced testimony about the street value of varying weights of methamphetamine ranging from an eighth of a gram to a full gram. On appeal, this Court, citing *Groce*, concluded that the testimony was relevant for the jury's evaluation of whether it was plausible that the substance would have been intentionally or accidentally left in Ortiz's car without his knowledge in light of the value and number of doses found. *Ortiz*, 148 Idaho at 41, 218 P.3d at 20.

*Groce* and *Ortiz* support a conclusion that the amount and value of a controlled substance are relevant to prove knowledge. Guadalupe does not dispute this principle but contends that, while the relevance of the purchase price was undisputed, the street value was irrelevant. Guadalupe does not, however, discuss or distinguish *Groce* or *Ortiz* or cite any contrary authority. Rather, Guadalupe argues that, regardless of the street value of the methamphetamine, "it was not, and never would be, worth more than $16,000 to the defendants in this case because that is how much it was being sold for." While that may be true, the principle from *Groce* and *Ortiz* is that the amount and value of a controlled substance is relevant to prove knowledge. That principle does not distinguish between wholesale, resale, or street value. The methamphetamine's value was relevant to the knowledge element of trafficking.

Guadalupe also argues that, even if the street value of the methamphetamine "had some sort of probative value, it was slight indeed" and was "substantially outweighed by the danger of unfair prejudice under I.R.E. 403." Guadalupe contends the danger of unfair prejudice was "the jury considering improper grounds for conviction, to wit, one based on emotion due to the impact on the community." According to Guadalupe, "the jury was more likely to convict simply based on the increased danger to their community they perceived was caused by the

4

defendant." Guadalupe's argument does not demonstrate an abuse of discretion by the district court.

Idaho Rule of Evidence 403 provides, in part, that relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. Evidence is unfairly prejudicial for purposes if I.R.E. 403 if it tends to suggest decision on an improper basis. *State v. Floyd*, 125 Idaho 651, 654, 873 P.3d 905, 908 (Ct. App. 1994). The evidence of street value does not suggest decision on an improper basis. The fact that the two pounds of methamphetamine could have been broken down and sold in smaller quantities was apparent from unchallenged evidence presented at trial. It was not unfairly prejudicial to associate a value with those smaller quantities. Possessing trafficking amounts of methamphetamine, in and of itself, presents a danger to the community. Evidence of the price tag associated with that danger may be prejudicial, but it is not unfairly prejudicial.

Finally, we conclude that, even if the district court erred in admitting evidence of the street value of the methamphetamine, any error was harmless. Error is not reversible unless it is prejudicial. *State v. Stoddard*, 105 Idaho 169, 171, 667 P.2d 272, 274 (Ct. App. 1983). An error is harmless, and therefore not prejudicial, if the reviewing court is able to declare beyond a reasonable doubt that the error did not contribute to the verdict. *State v. Ruiz*, 159 Idaho 722, 724, 366 P.3d 644, 646 (Ct. App. 2015). The State has the burden of demonstrating that the alleged error was harmless. *State v. Perry*, 150 Idaho 209, 222, 245 P.3d 961, 974 (2010).

The State argues that any error in the admission of the street value evidence was harmless because the evidence against Guadalupe was substantial and the State did not ask the jury to convict Guadalupe based on the impact the methamphetamine would have on the community. As noted by the State, at the time of his arrest, the methamphetamine found in the car was on the passenger side where Guadalupe was sitting. Guadalupe also had two bindles of methamphetamine in his pocket. There was also evidence indicating that drug dealers often recruit assistance when making drug deals and there was evidence of electronic communications between Guadalupe and Castro-Angulo prior to the prearranged drug deal in this case. Given the evidence of Guadalupe's knowledge of the methamphetamine beyond knowledge that could be associated with the street value of the methamphetamine, we conclude that the street value evidence did not contribute to the jury's verdict.

5

**IV.**

**CONCLUSION**

The district court did not err in denying Guadalupe's motion in limine to exclude testimony regarding the resale or "street value" of the methamphetamine that was the subject of the trafficking charge. Therefore, we affirm Guadalupe Garcia-Carranza's judgment of conviction for trafficking in methamphetamine.

Chief Judge GRATTON and Judge HUSKEY, **CONCUR**.