IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 44879

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: February 20, 2019 |
| Plaintiff-Respondent, | ) |
| | ) Karel A. Lehrman, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| ALEJANDRO GARCIA-CARRANZA, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Deborah A. Bail, District Judge.

Judgment of conviction for trafficking in methamphetamine, affirmed.

Robyn A. Fyffe, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Ted S. Tollefson, Deputy Attorney General, Boise, for respondent.

---

LORELLO, Judge

Alejandro Garcia-Carranza appeals from his judgment of conviction for trafficking in methamphetamine, asserting that the district court erred in denying his motion in limine to exclude testimony regarding the resale or "street value" of the methamphetamine that was the subject of the trafficking charge and that the evidence was insufficient to support the jury's verdict finding him guilty of trafficking. For the reasons set forth below, we affirm.

I.

FACTUAL AND PROCEDURAL BACKGROUND

An undercover narcotics officer arranged to buy two pounds of methamphetamine from Jesus Castro-Angulo for $16,000, and Castro-Angulo agreed to provide additional methamphetamine to the officer on credit. On the date and time of the scheduled buy, Castro-Angulo and two passengers drove to the prearranged location to meet the officer. Guadalupe

1

Garcia-Carranza was in the front passenger seat of the vehicle and Alejandro Garcia-Carranza was in the back passenger seat. After arriving at the prearranged location, law enforcement arrested all three occupants of the vehicle and seized more than two pounds of methamphetamine from the car. All three occupants were charged with trafficking 400 grams or more of methamphetamine, I.C. §§ 37-2732B(a)(4)(C) and 18-204, and the cases were consolidated for trial.[1]

Prior to trial, Guadalupe filed a motion in limine to exclude evidence of the street value of the methamphetamine; Alejandro and Castro-Angulo joined in the motion.[2] The district court denied the motion. A jury found Alejandro guilty of trafficking in methamphetamine.[3] Alejandro appeals.

## II.

## STANDARD OF REVIEW

A trial court's determination that evidence is relevant is reviewed de novo, but a trial court's determination under I.R.E. 403 is reviewed for an abuse of discretion. *State v. Kopsa*, 126 Idaho 512, 520-521, 887 P.2d 57, 65-66 (Ct. App. 1994). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

Appellate review of the sufficiency of the evidence is limited in scope. A finding of guilt will not be overturned on appeal where there is substantial evidence upon which a reasonable trier of fact could have found that the prosecution sustained its burden of proving the essential

---

[1]     Castro-Angulo was also charged with trafficking in methamphetamine for a transaction that occurred on an earlier date.

[2]     The motion distinguished between the relevance of the purchase value of the methamphetamine ($16,000) and the street value of the methamphetamine and only challenged the relevance of the latter.

[3]     The jury also found Alejandro's co-defendants guilty.

2

elements of a crime beyond a reasonable doubt. *State v. Herrera-Brito*, 131 Idaho 383, 385, 957 P.2d 1099, 1101 (Ct. App. 1998); *State v. Knutson*, 121 Idaho 101, 104, 822 P.2d 998, 1001 (Ct. App. 1991). We will not substitute our view for that of the trier of fact as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *Knutson*, 121 Idaho at 104, 822 P.2d at 1001; *State v. Decker*, 108 Idaho 683, 684, 701 P.2d 303, 304 (Ct. App. 1985). Moreover, we will consider the evidence in the light most favorable to the prosecution. *Herrera-Brito*, 131 Idaho at 385, 957 P.2d at 1101; *Knutson*, 121 Idaho at 104, 822 P.2d at 1001.

## III.
## ANALYSIS

### A.    Motion to Exclude

Alejandro argues that the district court erred in denying his motion to exclude evidence of the street value of the methamphetamine that was the subject of the trafficking charge because the evidence was irrelevant and unfairly prejudicial. The State responds that the district court correctly concluded the evidence was relevant and properly exercised its discretion in determining the evidence was not unfairly prejudicial. Alternatively, the State argues that any error in the admission of the evidence was harmless. We conclude that Alejandro has failed to show the district court abused its discretion in admitting evidence of the street value of the methamphetamine.

Evidence that is relevant to a material and disputed issue concerning the crime charged is generally admissible. *State v. Stevens*, 146 Idaho 139, 143, 191 P.3d 217, 221 (2008). Evidence is relevant if it has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. I.R.E. 401; *Stevens*, 146 Idaho at 143, 191 P.3d at 221. Whether a fact is of consequence or material is determined by its relationship to the legal theories presented by the parties. *State v. Johnson*, 148 Idaho 664, 671, 227 P.3d 918, 925 (2010).

The motion to exclude evidence of the street value of the methamphetamine was based on the contention that the street value was irrelevant to prove any fact of consequence relative to the elements of trafficking. The defendants also argued that evidence of street value was unfairly prejudicial because the evidence would inflame the passions of the jury and potentially confuse

3

the issues. The district court denied the motion, concluding the evidence was "highly" and "very" relevant and not unfairly prejudicial. As to relevance, the district court reasoned that, "when there is a valuable object and multiple people are involved in its transportation and delivery," there is an "inference that a person would not let people accompany them . . . unless they were also participants in the same project." The district court's relevance determination is consistent with our prior opinions in *State v. Groce*, 133 Idaho 144, 983 P.2d 217 (Ct. App. 1999) and *State v. Ortiz*, 148 Idaho 38, 218 P.3d 17 (Ct. App. 2009).

*Groce* involved a challenge to the sufficiency of the evidence to support the defendant's conviction for possession of cocaine. Groce argued that the minute amount of cocaine found was insufficient to support an inference that he knowingly possessed it. In addressing Groce's argument, this Court stated that the quantity of a controlled substance found in a defendant's possession is inextricably intertwined with a defendant's knowledge of the presence of the substance and control thereof. *Groce*, 133 Idaho at 152, 983 P.2d at 225. The greater the amount of a controlled substance found in a defendant's possession, the greater the inference of knowledge and control. *Id.*

This Court relied on the foregoing principle from *Groce* in *Ortiz*. In *Ortiz*, the defendant was charged with possession of methamphetamine after material found on the floor of his car tested positive for methamphetamine. The submitted material weighed 3.82 grams and included a small amount of debris. At trial, the State was permitted to introduce testimony that one "hit" of methamphetamine generally weighs between an eighth and a quarter of a gram and that it was uncommon for people to purchase more than one to three hits at a time. The State also introduced testimony about the street value of varying weights of methamphetamine ranging from an eighth of a gram to a full gram. On appeal, this Court, citing *Groce*, concluded that the testimony was relevant for the jury's evaluation of whether it was plausible that the substance would have been intentionally or accidentally left in Ortiz's car without his knowledge in light of the value and number of doses found. *Ortiz*, 148 Idaho at 41, 218 P.3d at 20.

*Groce* and *Ortiz* support a conclusion that the amount and value of a controlled substance are relevant to prove knowledge. Alejandro acknowledges *Groce* and *Ortiz* support this proposition, at least as to amount. However, Alejandro contends *Ortiz* is factually distinguishable because, in *Ortiz*, "neither a sale price nor the precise weight were known."

4

Alejandro further argues that, although the weight and purchase price of the methamphetamine were relevant to knowledge, evidence of the street value "did not make it even more probable that [Castro-Angulo or Guadalupe] would not allow a non[-]participant in the vehicle." Alejandro's distinction of *Ortiz* is unpersuasive because the factual difference he notes does not change the principle that the amount and value of a controlled substance is relevant to prove knowledge. That principle does not distinguish between wholesale, resale, or street value. The methamphetamine's value was relevant to the knowledge element of trafficking.

Alejandro also argues that the district court abused its discretion in concluding the street value evidence was not unfairly prejudicial under I.R.E. 403. Although Alejandro cites the abuse of discretion standard, it is unclear which prong of the four-part abuse of discretion framework he believes the district court failed to satisfy as required under *State v. Kralovec*, 161 Idaho 569, 575 n.2, 388 P.3d 583, 589 n.2 (2017). To the extent Alejandro contends the district court did not reach its decision by an exercise of reason, we disagree.

Idaho Rule of Evidence 403 provides, in part, that relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. Evidence is unfairly prejudicial for purposes f I.R.E. 403 if it tends to suggest a decision on an improper basis. *State v. Floyd*, 125 Idaho 651, 654, 873 P.3d 905, 908 (Ct. App. 1994). Alejandro's contention is that the district court "failed to recognize the emotional impact of the street value evidence" and the evidence was prejudicial because it "invited the jurors to contemplate how widely the drug could have been sold." According to Alejandro, this "reinforce[d] the dangers of the drug" and created a risk that the jury would decide his guilt based on "passions rather than the evidence." Evidence of street value does not suggest decision on an improper basis. The fact that the two pounds of methamphetamine could have been broken down and sold in smaller quantities was apparent from unchallenged evidence presented at trial. It was not unfairly prejudicial to associate a value with those smaller quantities. Possessing trafficking amounts of methamphetamine, in and of itself, presents a danger to the community. Evidence of the price tag associated with that danger may be prejudicial, but it is not unfairly prejudicial.

Finally, we conclude that, even if the district court erred in admitting evidence of the street value of the methamphetamine, any error was harmless. Error is not reversible unless it is prejudicial. *State v. Stoddard*, 105 Idaho 169, 171, 667 P.2d 272, 274 (Ct. App. 1983). An error

5

is harmless, and therefore not prejudicial, if the reviewing court is able to declare beyond a reasonable doubt that the error did not contribute to the verdict. *State v. Ruiz*, 159 Idaho 722, 724, 366 P.3d 644, 646 (Ct. App. 2015). The State has the burden of demonstrating that the alleged error was harmless. *State v. Perry*, 150 Idaho 209, 222, 245 P.3d 961, 974 (2010).

The State argues that any error in the admission of the street value evidence was harmless because the evidence of Alejandro's participation was substantial. As noted by the State, not only was Alejandro present in the car with the methamphetamine, he had access to it and, in fact, he told the drug enforcement agents that he took the methamphetamine from the back seat and put it in a chip bag, which he passed to the front of the car. In addition, Alejandro's cell phone had photographs of the packages of methamphetamine on it. Given the evidence of Alejandro's knowledge of the methamphetamine beyond knowledge that could be associated with the street value of the methamphetamine, we conclude that the street value evidence did not contribute to the jury's verdict.

## B. Sufficiency of the Evidence

Alejandro argues that, although the State presented sufficient evidence to support that he "knew the packages contained an illegal substance," the State "failed to present sufficient evidence that [he] knew the packages contained methamphetamine" or that he constructively possessed the packages. The State responds that the evidence was sufficient. We agree with the State.

The jury was instructed that, in order to find Alejandro guilty of trafficking, it was required to find the following elements beyond a reasonable doubt:

1. On or about April 15, 2016
2. in the state of Idaho,
3. the defendant Alejandro Garcia-Carranza possessed methamphetamine,
4. the defendant knew it was methamphetamine and
5. possessed at least four-hundred (400) grams of methamphetamine or more
or any mixture or substance with a detectable amount of methamphetamine.

As noted, Alejandro disputes the sufficiency of the evidence on the fourth and fifth elements--that he knew the substance was methamphetamine and that he "constructively" possessed it. As to the knowledge of methamphetamine element, Alejandro's argument is that the evidence was insufficient because he never described the contents of the package as methamphetamine and the evidence showed he was a "naïve" drug trafficker as evidenced by his

6

decision to photograph the packages of methamphetamine and send those photographs to a friend suggesting that he operate as a "thrower" of the product. Neither of these arguments are a basis for this Court to reject the jury's conclusion that Alejandro knew the packages contained methamphetamine. The jury could infer as much from the evidence that Alejandro was aware the packages contained a controlled substance and that Castro-Angulo admitted the packages contained methamphetamine. That Alejandro took actions indicating he was not a sophisticated drug trafficker does not mean the jury could not conclude he knew he was trafficking methamphetamine.

As to the possession element, Alejandro argues that the evidence was insufficient because he "did not appear on law enforcement's radar" until the conclusion of the investigation and because he "barely knew" Castro-Angulo. Alejandro acknowledges that he placed the methamphetamine in a chip bag and handed it to Guadalupe while they were in the car on the way to the prearranged buy but contends this does not "imply power and intent to control the packages." Rather, Alejandro contends such behavior is common during a "road trip." Alejandro's characterization of his actions in relation to the methamphetamine does not mean there was insufficient evidence from which the jury could conclude he possessed methamphetamine.

Possession may be actual or constructive. *State v. Southwick*, 158 Idaho 173, 178, 345 P.3d 232, 237 (Ct. App. 2014). In order to prove constructive possession, knowledge and control of the controlled substance must each be independently proven beyond a reasonable doubt by either circumstantial or direct evidence. *Id.* Constructive possession of a controlled substance exists where a nexus between the accused and the substance is sufficiently proven so as to give rise to the reasonable inference that the accused was not simply a bystander but, rather, had the power and intent to exercise dominion and control over the substance. *Id.* Although constructive possession cannot be inferred from the mere fact that the defendant occupied, with a passenger, the vehicle in which the drugs were seized, circumstantial evidence, other than the mere fact of possession, may be used to find the requisite knowledge and control. *Id.* This can include, for example: the manner in which the drug was wrapped, stored, or carried; attempts to conceal, dispose of, or destroy the contraband; attempts to avoid detection or arrest; the presence of drug paraphernalia; the possession of other contraband or cutting agents; indications that the

defendant was under the influence of drugs; the presence of fresh needle marks; as well as the proximity, accessibility, and location of the contraband. *Id.*

The State presented evidence that Alejandro photographed the methamphetamine and sent the photograph to a friend. Alejandro also concealed the methamphetamine in a chip bag while in the car on the way to deliver the methamphetamine to the undercover narcotics officer. This was sufficient evidence to prove possession beyond a reasonable doubt. Based on the evidence presented, and the reasonable inferences to be drawn therefrom, there was sufficient evidence from which the jury could find that Alejandro knowingly possessed methamphetamine in conjunction with its verdict that Alejandro was guilty of trafficking.

## IV.

## CONCLUSION

The district court did not err in denying Alejandro's motion in limine to exclude testimony regarding the resale or "street value" of the methamphetamine that was the subject of the trafficking charge. There was also sufficient evidence from which the jury could find Alejandro was guilty of trafficking in methamphetamine. Therefore, Alejandro Garcia-Garranza's judgment of conviction for trafficking in methamphetamine is affirmed.

Chief Judge GRATTON and Judge HUSKEY, **CONCUR**.