**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 45712**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: August 2, 2019** |
| Plaintiff-Respondent, | ) |
| | ) **Karel A. Lehrman, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| WILLIAM PATRICK GILTZ, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Richard D. Greenwood, District Judge.

Judgment of conviction for felony domestic violence, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Judge

William Patrick Giltz appeals from his judgment of conviction for felony domestic violence. Giltz alleges that the district court abused its discretion in allowing the State to cross-examine Giltz about two prior felony convictions for burglary. Giltz also argues that the district court committed instructional error. For the reasons set forth below, we affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Giltz and the victim, Giltz's then girlfriend, were involved in an altercation in which the victim suffered serious injuries, including a fractured nose. The State charged Giltz with felony domestic violence, alleging that Giltz punched the victim with a closed fist. The State also alleged Giltz is a persistent violator. Prior to trial, the State filed a notice of intent to impeach

1

Giltz pursuant to I.R.E. 609 with two prior felony convictions for burglary. The district court granted the State's motion.

Consistent with the State's charging document, the elements instruction included a requirement that the State prove that Giltz committed the battery by punching the victim in the face with a closed fist. During deliberations, the jury asked three questions related to the importance of the "closed fist" wording used in the elements instruction. After a discussion with counsel, the district court advised the jury that the jury need not decide whether Giltz used an open or closed fist. The jury found Giltz guilty of domestic battery with traumatic injury, and the district court found Giltz to be a persistent violator. Giltz appeals.

## II.

## STANDARD OF REVIEW

In reviewing a trial court's decision to admit evidence, the relevance of the evidence is reviewed de novo while the weighing of the probative value versus the prejudicial impact is reviewed for an abuse of discretion. *State v. Thompson*, 132 Idaho 628, 630, 977 P.2d 890, 892 (1999). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

Whether there was a variance between a charging instrument and the jury instructions is a question of law subject to free review. *State v. Sherrod*, 131 Idaho 56, 57, 951 P.2d 1283, 1284 (Ct. App. 1998).

## III.

## ANALYSIS

A.    **Cross-Examination Regarding Prior Convictions Under I.R.E. 609(a)**

Giltz contends that the district court abused its discretion under I.R.E. 609(a) in allowing the State to cross-examine him regarding the existence of his two prior felony convictions because the district court failed to consider whether the prior convictions outweighed their prejudicial impact. The State responds that although the district court did not expressly engage

2

in the weighing process, the district court's decision to admit the evidence reflects it implicitly weighed the probative value of the evidence versus its prejudicial effect. Alternatively, the State asserts that any error by the district court was harmless. We hold that Giltz has failed to show error in the district court's I.R.E. 609(a) ruling.

Idaho Rule of Evidence 609(a) provides:

> For the purpose of attacking a witness's character for truthfulness, evidence of the fact that the witness has been convicted of a felony and the nature of the felony shall be admitted if elicited from the witness or established by public record, but only if the court determines in a hearing outside the presence of the jury that the fact of the prior conviction or the nature of the prior conviction, or both, are relevant to the witness's character for truthfulness and that the probative value of admitting this evidence outweighs its prejudicial effect to the party offering the witness. If the evidence of the fact of a prior felony conviction, but not the nature of the conviction, is admitted for the purpose of impeachment of a party to the action or proceeding, the party shall have the option to present evidence of the nature of the conviction, but evidence of the circumstances of the conviction is not be admissible.

Under I.R.E. 609(a), the trial court must apply a two-prong test to determine if evidence of a prior conviction should be admitted: (1) the trial court must determine whether the fact or nature of the conviction is relevant to the witness's credibility; and (2) if so, whether the probative value of the evidence outweighs its prejudicial impact. *Thompson*, 132 Idaho at 630, 977 P.2d at 892.

Pursuant to I.R.E. 609(a), the State filed a notice of intent to impeach Giltz based on two prior felony convictions for burglary should Giltz elect to testify. The district court considered the State's request at a hearing held prior to trial. At that hearing, the State argued that burglary is an offense that is proper for impeachment under *State v. Ybarra*, 102 Idaho 573, 634 P.2d 435 (1981).[1] Giltz agreed that, while burglary could be relevant to credibility, her burglary convictions did not show "a pattern of disrespect for law and lawful authority." Giltz further argued that such evidence would be unfairly prejudicial because it "branded" him a felon, which

---

[1]    In *Ybarra*, the Idaho Supreme Court held that burglary is a crime that can be relevant to credibility. *Id*. at 581, 634 P.2d at 443. This Court has elaborated on this principle, stating that a burglary conviction might be relevant if it shows a pattern of disrespect for law and lawful authority, creating a reason to doubt that the defendant would take his or her oath as a witness seriously. *State v. Allen*, 113 Idaho 676, 678, 747 P.2d 85, 87 (Ct. App. 1987).

could result in a conviction based solely on "bad character." The district court authorized the State to impeach Giltz with the fact of his prior convictions.[2]

On appeal, Giltz concedes that his prior convictions are relevant to credibility but argues the district court abused its discretion because it did not expressly consider any of the factors necessary to weighing the probative value of the evidence against its prejudicial effect. The factors Giltz recites are not from I.R.E. 609(a), but are taken from *State v. Rodgers*, 119 Idaho 1066, 1072-73, 812 P.2d 1227, 1233-34 (Ct. App. 1990). In weighing the probative value against the prejudicial effect of evidence under I.R.E. 609, the district court in *Rodgers* considered the impeachment value of the prior crime, the remoteness of the prior conviction, the witness's criminal history, the similarity between the past crime and the crime charged, the importance of the witness's testimony, the centrality of the credibility issue, and the nature and extent of the witness's criminal record as a whole. This Court held that such considerations were similar to those suggested by the Washington Supreme Court and found the district court's analysis did not constitute an abuse of discretion. On review, the Idaho Supreme Court concurred in the analysis and disposition of this issue. *State v. Rodgers*, 119 Idaho 1047, 1051, 812 P.2d 1208, 1213 (1991); *see also Thompson*, 132 Idaho at 633, 977 P.2d at 895 (finding no abuse of discretion by the district court in its consideration of many of the same factors considered in *Rodgers*).

Nothing in I.R.E. 609 or *Rodgers* requires a district court to expressly evaluate the factors considered by the district court in *Rodgers*. While I.R.E. 609(a) requires a district court to weigh the probative value of the evidence against its prejudicial effect, and the factors from *Rodgers* may properly inform that analysis, a district court does not abuse its discretion by failing to address each of those factors.

To the extent Giltz has generally asserted that the district court abused its discretion by failing to comply with Rule 609's weighing requirement, we reject that assertion. In objecting to the State's I.R.E. 609(a) motion, Giltz specifically argued that the evidence should be excluded in light of the danger of unfair prejudice. In ruling on the motion, the district court expressly acknowledged Giltz's prejudice argument. Thus, the district court's statements indicate that it

---

[2]    Giltz did testify in his defense. During cross-examination, the prosecutor asked if Giltz had twice been convicted of a felony. Giltz responded affirmatively.

4

weighed the relevance of the evidence against its prejudicial effects. *See State v. Floyd*, 159 Idaho 370, 372, 360 P.3d 379, 381 (Ct. App. 2015) (appellate courts are required to examine the record to determine implicit findings which would support the trial court's order and such implicit findings should be overturned only if not supported by substantial evidence). Giltz has failed to show the district court abused its discretion in admitting evidence under I.R.E. 609(a).

**B.     Variance**

Giltz contends that the district court created a fatal variance between the jury instructions and the charging document when it instructed the jury that it need not decide whether Giltz struck the victim with an open or closed fist. Giltz asserts the variance was fatal because it deprived him of his right to fair notice of the charge against him. The State responds that Giltz's notice argument is not preserved and that, even if preserved, Giltz has failed to show a due process violation resulted from the variance. We hold that the variance claim is preserved and that the variance was not fatal; therefore, Giltz has failed to show a due process violation.

Our task in resolving a variance claim is two-fold. First, we must determine whether there was a variance between the information charging Giltz with felony domestic violence and the instructions presented to the jury. *See State v. Brazil*, 136 Idaho 327, 329, 33 P.3d 218, 220 (Ct. App. 2001). Second, if a variance exists, we must examine whether it is fatal, i.e., whether it rises to the level of prejudicial error requiring reversal of the conviction. *Id.* A variance is fatal if it amounts to a constructive amendment. *State v. Jones*, 140 Idaho 41, 49, 89 P.3d 881, 889 (Ct. App. 2003). A constructive amendment, as opposed to a mere variance, occurs if the variance alters the charging document to the extent the defendant is tried for a crime of a greater degree or a different nature. *Id.*; *State v. Colwell*, 124 Idaho 560, 566, 861 P.2d 1225, 1231 (Ct. App. 1993). In other words, a variance between a charging document and a jury instruction requires reversal only when it deprives the defendant of fair notice of the charge against which the defendant must defend or leaves the defendant open to the risk of double jeopardy. *State v. Wolfrum*, 145 Idaho 44, 47, 175 P.3d 206, 209 (Ct. App. 2007). The notice element requires this Court to determine whether the record suggests the possibility Giltz was misled or embarrassed in the preparation or presentation of his defense. *See State v. Windsor*, 110 Idaho 410, 418, 716 P.2d 1182, 1190 (1985).

The State's information alleged, in relevant part, that Giltz punched the victim "in the face with a closed fist, and by committing said battery, did inflict a traumatic injury," including fractures to the victim's nose and/or cheekbones, a laceration to the bridge of her nose, and bruising and swelling to her cheeks and around her eyes and lip. Similarly, Instruction No. 14 advised the jury, in relevant part, that to find Giltz guilty of domestic battery with traumatic injury, it must find that Giltz "committed a battery upon [the victim] by punching [the victim] in the face with a closed fist" and, in doing so, Giltz "inflicted a traumatic injury," which injuries were the same as those described in the information. Battery was defined in a separate instruction as the willful and unlawful use of force or violence upon another.

During deliberations, the jury submitted the following three questions: (1) "How important is the 'closed fist' wording in #3 of Instruction #14?"; (2) "Are we determining whether the initial hit or we believe secondary hits were done with a closed fist?"[3]; and (3) "Is a closed fist equivelant [sic] to an open fist?" In discussing the questions from the jury, the State asserted that it was not required to prove whether Giltz used a closed fist or open fist and suggested that the district court refer the jury to the definition of battery. Giltz responded that he did not want the district court to direct the jury to any particular instruction and suggested that the district court instead "just respond to the jury that they have the instructions. They have heard the evidence, and they just need to apply the facts to the law and come to a conclusion." The district court responded, in part:

> I don't think I can do that in this case, not given the nature of the question. That's not going to resolve it, because the issue is clearly a variance between the exact language in the information, which I used in the charging instruction, and the two different versions of the same thing that happened at the time that nobody disputes.
> She was hit in the face. The State for whatever reason, chose to charge it as "hit with a closed fist." [Giltz] has, essentially, testified to all of the elements of the charge but with justification. And leaving the jury to scratch their head over that part of it, I don't think is appropriate. So I think we have to give an

---

3       At trial, the victim had difficulty recalling all of the events that occurred during the battery other than the first time Giltz hit her. She testified that she did not recall how many times Giltz hit her, but evidence was presented that when she went to the hospital following the battery she told one officer that Giltz punched her three times. When asked if she knew whether Giltz punched her with an open hand or a closed hand, the victim asked: "The first one?" When the prosecutor responded, "Yeah," the victim answered, "It was closed handed."

answer other than go back and reread the instruction, because I trust they have followed my instructions and have already pondered that.

The district court then indicated it was inclined to instruct the jury that it was not necessary for the jury to determine whether Giltz "struck with an open or closed fist, and leave it at that." Giltz responded that his concern was that neither party would have the "opportunity to discuss any additional instruction" and that the instruction defining battery was sufficient to respond to the jury's questions. The district court rejected the request to simply refer the jury to the existing instructions, noting the jury's confusion and that the "closed fist" language used in the charging document was not a necessary element of the crime. Thus, the district court subsequently advised the jury: "For the purposes of this case, it is not necessary for you to decide whether the defendant struck with an open or closed fist."

We first consider the State's argument that the variance issue is not preserved because, although the district court used the term "variance," Giltz never did. We reject this contention. The district court's determination that there was a variance between the information and the jury instruction is sufficient to preserve the issue for appeal. *See State v. DuValt*, 131 Idaho 550, 553, 961 P.2d 641, 644 (1998). However, the State is correct in noting that Giltz never claimed that the variance misled or embarrassed him in the preparation or presentation of his defense. While this failure does not foreclose consideration of the variance issue on appeal, it supports our conclusion that Giltz's notice claim lacks merit.

On appeal, Giltz contends that the variance was fatal because the "record clearly suggests the possibility that [he] was misled in the preparation or presentation of his defense by the 'closed fist' language in the Information." According to Giltz, he "believed he needed to defend against a charge that he struck his girlfriend with a closed fist" and proceeded to trial "because he struck his girlfriend with an open palm, in self-defense." However, at no time during the "variance" discussion in the district court did Giltz claim, as he does on appeal, that he proceeded to trial "because he struck his girlfriend with an open palm" rather than a closed fist. While Giltz disputed the victim's version of events and testified that he "open-palmed her with one hand" in self-defense because the victim grabbed what he thought was a knife when he told

7

her to "get out" after he saw her injecting methamphetamine into her jugular,[4] the record does not support that he was misled in the preparation or presentation of his defense based on the "closed fist" language in the information. Giltz's self-defense theory was based on the victim allegedly attempting to stab him with what he believed was a knife; it was not based on a distinction between how he claimed he hit the victim (open-palmed) and how she claimed he hit her (close-handed). Indeed, Giltz also testified that he did more than just "open-palm" the victim. Giltz testified that he "pulled another defensive move" on the victim called a "spread-eagle," in which he "flattened" the victim "to the ground" because she still came "running" at him after he "subdu[ed] and hurt[ ] her" with the open-palm hit that "connected directly center to her face." Giltz's testimony alone demonstrates that his defense was not based on the closed-fist nature of the allegation in the information. Moreover, the manner in which Giltz struck the victim did not deprive Giltz of notice of the *charge* he was required to defend against because the same charge applies under either scenario.[5] This fact distinguishes this case from *Brazil*, 136 Idaho 327, 33 P.3d 218 and *Sherrod*, 131 Idaho 56, 951 P.2d 1283, both of which Giltz relies on to support his variance claim.

In both *Brazil* and *Sherrod*, this Court reversed convictions for aggravated battery because the instructions allowed the jury to base the finding of the aggravating factors of great bodily harm upon injuries other than those that were alleged to constitute great bodily harm in the charging information. *See State v. Hoffman*, 137 Idaho 897, 901, 55 P.3d 890, 894 (Ct. App. 2002) (describing and distinguishing *Brazil* and *Sherrod*). Relief was warranted in those cases because the defendants were not on notice of a need to present evidence or argument that the victims' injuries, other than those referenced in the information, were insufficiently severe to amount to great bodily harm or permanent disfigurement. *Id.* Unlike in *Brazil* and *Sherrod*, the charge against Giltz was based on a battery Giltz committed by striking the victim in the face, which inflicted specified traumatic injury. The jury instructions reflected the same. Thus, the

---

[4]    The victim testified that Giltz struck her while she was laying on the bed because she refused to ask the neighbors for marijuana and told him he could get it himself. The victim denied Giltz's version of events, including Giltz's claim that she was injecting methamphetamine or had a knife or anything that could be perceived as a knife.

[5]    Giltz does not argue that the variance left him open to the risk of double jeopardy.

difference between the information and the jury instructions was a mere variance that was not fatal and did not result in a constructive amendment that would require reversal of Giltz's conviction.

## IV.

## CONCLUSION

Giltz has failed to show the district court abused its discretion by admitting evidence under I.R.E. 609(a). The variance between the information and the jury instructions regarding the manner in which Giltz struck the victim was not fatal. Therefore, Giltz's judgment of conviction for felony domestic violence is affirmed.

Chief Judge GRATTON and Judge BRAILSFORD, **CONCUR**.